162    APPELLATE COURTS OF ILLINOIS.

Vol. 78.] Hammers v. Supreme Tent of the Maccabees of the World.

---

## Addie Hammers v. The Supreme Tent of the Maccabees of the World.

1. LIFE INSURANCE—*Suicide Does Not Always Avoid the Policy.*—A provision in a policy of life insurance avoiding the policy in case of suicide by the assured can not be enforced where the assured is driven to the suicidal act by an uncontrollable insane impulse.

Assumpsit, on a policy of life insurance. Trial in the Circuit Court of Kane County; the Hon. GEORGE W. BROWN, Judge, presiding.

Hammers v. Supreme Tent of the Maccabees of the World.

Judgment for defendant on demurrer to declaration.   Appeal by plaintiff.   Heard in this court at the May term, 1898.   Reversed and remanded.
Opinion filed September 26, 1898.

### STATEMENT.

Addie Hammers brought this suit upon a beneficiary certificate issued by appellee, a fraternal association, to recover $1,000, which, by the terms of said certificate, was to be paid to her upon the death of her husband, Albert A. Hammers. She filed a declaration consisting of a single count, which set out the certificate, averred the death of her husband while said certificate was in force, the delivery of proofs of death and compliance with various provisions of the certificate, and the tender by appellee of $22 (the amount deceased had paid the order in assessments), and the refusal of appellee to pay more.   Appellee demurred to said declaration; the demurrer was sustained; appellant elected to abide by her declaration, and the court dismissed the suit at her costs.   By this appeal she seeks a reversal of the judgment.

The certificate as pleaded recited that Albert A. Hammers had become a member of the order and was entitled to all the benefits of such membership; that at his death one assessment on the membership, not exceeding $1,000, would be paid to his wife, Addie Hammers, on compliance with certain conditions, one of which was, "Provided he shall have in every particular complied with the laws of the order now in force or that may hereafter be adopted."   The declaration charged that the certificate was dated November 26, 1894, and that Albert died September 30, 1897, by his own hand, having committed suicide while temporarily insane and not responsible for his acts; and "that at the time said Albert A. Hammers became a member of said order the laws of said defendant provided among other things, that no benefit shall be paid to the beneficiary member when death is the result of suicide within one year after admission, whether the member so taking his own life was sane or insane at the time; that thereafter the said defendant corporation, in regular session at Port Huron, Michigan,

164    ·Appellate Courts of Illinois.

Vol. 78.]  Hammers v. Supreme Tent of the Maccabees of the World.

amended its laws and provided that when death was the result of suicide within five years from the date of admission of the member to the order the beneficiary shall be entitled to receive only the amount of the assessments which had been paid in by the member during his lifetime, and that this amount would be all the amount the beneficiary would be entitled to receive, which amendment went into force and effect after August 29, 1897." It was then averred that said amendment was not a part of the original law of the defendant when Albert A. Hammers became a member thereof, and that said amendment was made without his knowledge or consent, and that he and his beneficiaries are not bound thereby.

Irwin & Egan, attorneys for appellant.

H. H. C. Miller, attorney for appellee; D. D. Aitkin, of counsel.

Mr. Presiding Justice Dibell delivered the opinion of the court.

The question chiefly discussed by counsel is whether the rights of the beneficiary under the certificate are subject to the provisions of the subsequent amendment of the laws of the order. Upon a consideration of the declaration and especially that part quoted in the foregoing statement, we conclude the question argued is not presented by this record. The amendment to the laws of the order, as pleaded in the declaration and admitted by the demurrer, omitted the words " sane or insane " contained in the law in force when this certificate was issued. A provision very similar to that contained in said amendment was held, in Grand Lodge, I. O. M. A. v. Wieting, 68 Ill. App. 125, 168 Ill. 408, to leave the association liable for a death where the party named in the certificate kills himself while insane. Therefore if the rights of the parties are governed by said amendment, as appellee claims, then the association is liable under the aver_ ments of the declaration that the deceased died by his own

hand while temporarily insane and not responsible for his act. If, on the other hand, the amendment does not affect the rights of the parties, as appellant claims, then, as more than one year had passed after the certificate was issued before the death of Albert A. Hammers, the association is liable by the terms of the original law. The demurrer should have been overruled. The judgment is therefore reversed and the cause remanded.