## Supreme Court of Honor v. Asa S. Peacock, Adm'r, etc.

1. INSURANCE—*Reasonable Provisions in Policies as to Suicide.*—A condition in a beneficiary certificate that " this order will not pay the benefits of members who commit suicide, whether sane or insane, except it be committed in delirium resulting from illness, or while the member is under treatment for insanity, or has been judicially declared to be

insane," is a reasonable provision which a beneficiary society has a right to impose.

2. SUICIDE—*Burden of Proof as to—Insurance.*—Where a member holding such a certificate commits suicide while insane, the beneficiary suing upon the certificate must prove by the preponderance of the evidence that the act came within said exceptions.

3. SAME—*Benefit by the Insurer of Provisions in Policies.*—If the member holding such a certificate committed suicide while insane, the society is not deprived of the benefit of said provision by the fact that the member was driven to suicide by an uncontrollable insane impulse, or that he was at the time unable to understand the character and effect of his suicidal act.

**Assumpsit,** on a beneficiary certificate. Appeal from the Circuit Court of Winnebago County; the Hon. CHARLES E. FULLER, Judge, presiding. Heard in this court at the April term, 1900. Reversed and remanded. Opinion filed October 8, 1900.

L. A. SMYRES and W. W. BENNETT, attorneys for appellant.

J. E. GOEMBLE and W. H. SIZER, JR., attorneys for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

In April, 1898, the Supreme Court of Honor issued a beneficiary certificate to David Peacock which provided that upon his death the order would pay his mother, Jennett Peacock, one assessment, not to exceed the sum of $2,000, if the rules of the order had been complied with. He paid one assessment of eighty cents, and died on June 10, 1898. Jennett Peacock brought this suit against the order to recover said $2,000. To the declaration upon the certificate defendant pleaded the general issue and two special pleas. Plaintiff demurred to the special pleas on the ground that they amounted to the general issue. The demurrer was sustained, and by stipulation it was ordered by the court that all matters of defense might be shown under the general issue. Upon a second trial plaintiff recovered a verdict for $2,108.59. A new trial was denied and judgment rendered and the defendant was granted an appeal.

After the appeal was perfected Jennett Peacock died. Asa S. Peacock, administrator of her estate, was substituted as appellee, and has filed a brief.

David Peacock was found dead under circumstances tending to show he had committed suicide. There was evidence he had threatened suicide, and evidence tending to show he had recently acted queerly, and was considered by some of his acquaintances insane or not right in his mind. There was other evidence tending to show he was not insane. The certificate contained the following clause :

"This order will not pay the benefits of members who commit suicide, whether sane or insane, except it be committed in delirium resulting from illness, or while the member is under treatment for insanity, or has been judicially declared to be insane."

The trial court in instructing upon the force and effect of this provision of the contract, told the jury it could not be enforced where the assured was unable to understand the moral character, general nature, consequence and effect of his suicidal act, or where he was driven thereto by an uncontrollable insane impulse; and that the term "suicide" implied an act deliberately done by a person capable in law of forming a legal intention to do the act; and that if David Peacock was insane at the time he took his life, and even though he intended the result of his act should be death, yet if his reasoning faculties were so far impaired that he was not able to understand the moral character, general nature, consequence and effect of the act he was about to commit, or if he was impelled thereto by an insane impulse which he had not the power to resist, then his act was not suicide in the legal sense of that term, and the jury should find for plaintiff. The court refused to instruct for defendant that if David Peacock committed suicide, then in order for plaintiff to recover she must show by a preponderance of the evidence that it was done in delirium resulting from illness, or that he had been under treatment for insanity recently prior to the act, or that he had been judicially declared insane by a legal adjudication in the County Court.

In Grand Lodge I. O. M. A. v. Wieting, 168 Ill. 408, it was held that where a beneficiary certificate was to be inoperative in case the member committed suicide, the term "suicide" would be interpreted to mean voluntary, intentional self-destruction, and that the certificate would not be forfeited by self-destruction while insane. The court below seems to have applied that rule to this case.  But in the present case the contract sought to avoid such a liability by making the benefits non-payable if the member took his own life, whether he was sane or insane at the time, except where the self-destruction was committed in delirium resulting from illness or while the member was under treatment for insanity, or after he had been judicially declared insane.  We do not doubt the defendant order had the right to impose these conditions and safeguards, and to thus limit its liability in its contract, and we think the contract in this case was drawn to avoid the liability imposed in the Wieting case.  It is entirely reasonable that such an order should refuse to be liable for the self-destruction of insane members, except upon such restrictions and safeguards as it chooses to impose in its contract.  Our views on this subject were expressed in Supreme Tent Knights of Maccabees v. Hammers, 81 Ill. App. 560, and need not be further repeated here.  (Supreme Lodge, Knights of Pythias v. Clarke, 88 Ill. App. 600.)  The court below therefore erred in giving plaintiff's instructions and in refusing to instruct for defendant in the respects above indicated.  The judgment is reversed and the cause remanded for a new trial.