## Rosa Brunner v. Equitable Life Assurance Society.

1. CHANCERY PLEADING—*Exhibits, When to Be Considered as a Part of the Bill.*—When a document is referred to in a bill as an exhibit, and attached thereto, and the whole bill shows that the complainant treats it as a part thereof, it should also be treated by the court as a part of the bill.

2. LIFE INSURANCE—*Acceptance of Policies with Conditions Relating to Suicide.*—Where an assured pays the first premium and receives his policy, in the absence of fraud or mistake it must be considered that the provision in reference to suicide was knowingly accepted by him.

3. SAME—*Reasonable Provisions Relating to Suicide.*—A provision in a policy of life insurance that "self-destruction, sane or insane, within one year from the issuance of the policy is a risk not assumed by the society in this policy" is a reasonable provision and will constitute a defense in such cases.

**Bill,** for the specific performance of a contract of insurance. Appeal from the Circuit Court of La Salle County; the Hon. CHARLES BLAN-

CHARP, Judge, presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed January 24, 1902.

FRED T. BEERS, attorney for appellant.

DUNCAN & DOYLE, solicitors for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a bill in chancery filed by appellant against appellee, asking for the specific performance of a contract of insurance entered into between her husband, Herman Brunner, now deceased, and appellee. The bill alleges that on August 21, 1899, said Herman Brunner made a written application to appellee for life insurance for the benefit of appellant to the amount of $1,000; that it was stipulated therein, said application and the policy therein applied for, should constitute the entire contract between said Brunner and appellee; that appellee accepted the application and issued a policy for $1,000 on September 1, 1899, and about September 5, 1899, delivered the same to Brunner, who received it and paid to appellee the amount of the first premium; that by said policy appellee agreed, upon receipt of satisfactory proof of the death of said Brunner, if said policy should then be in force, to deliver to appellant, if living, if not, to Brunner's executors, administrators or assigns, one twenty-year debenture of the denomination of $1,000 issued by said society; that said policy should be indisputable after one year from the date of its issue for the amount due, provided the premiums were duly paid; that there were certain restrictions upon travel, residence and occupation, all of which it is alleged, " is set forth in said policy on the second and third pages attached thereto, all ready to be produced in court as your honor may direct or allow, and a copy of said policy and second and third pages attached thereto marked ' Exhibit B ' are attached hereto."

It is further alleged that Herman Brunner paid all premiums that became due and payable on his policy in his lifetime; that he never transgressed the conditions of the policy in reference to travel, residence or occupation; that

"on the thirteenth day of December, 1899, and while insane, the said Herman Brunner departed this life by strangulation, occasioned by hanging, and said death was so occasioned by the hands of said Herman Brunner at his residence in said city of Peru, La Salle county, Illinois, while laboring under mental aberration and insane;" that appellee refused to deliver said debenture bond to appellant "because the said Herman Brunner died by his own hand while insane and within one year from the date of the issuance of its said policy." The bill prays that appellee may be compelled to specifically perform the said agreement made with said Herman Brunner for the benefit and use of appellant, and execute and deliver to her said debenture bond for $1,000. The copy of the policy attached to the bill provides, among other things, that "the guarantees, options, privileges and conditions stated on the second and third pages hereof, form a part of this contract as fully as if recited at length over the signature hereto affixed."

Section 2, under the head of "privileges and conditions," on the second page of the policy, contains, among other provisions, the following : "Self-destruction, sane or insane, within one year from date of the issuance of the policy is a risk not assumed by the society in this contract." This provision of the policy is entirely ignored in the bill. Appellee filed a general demurrer to the bill which was sustained by the court. Appellant elected to abide by her bill and the court thereupon entered an order dismissing the same.

The first question presented is whether Exhibit B, which included a copy of the policy and pages two and three of the privileges and conditions, is to be considered a part of the bill or not. Without this exhibit there would be nothing in the bill showing the condition in reference to suicide committed within one year from the date of the policy. Appellant, to make out her case, recites certain provisions of the policy itself and the second and third pages attached thereto, in relation to privileges and conditions, and for proof of her allegations refers to the same and states further that "A copy of said policy and second and

third pages attached thereto, marked Exhibit B, are attached hereto." Exhibit B, while not directly declared by appellant to be made a part of her bill, is really treated by her as a part of it. After referring to the exhibit as attached to the bill, appellant in her bill refers to it as "said policy," thus showing her intention to consider it as a part of her bill. We are of opinion that when a document is referred to in a bill as an exhibit and attached thereto, and the whole bill shows that complainant treats it as a part thereof, it should also be treated by the court as a part of the bill. 1 Daniell's Chy. Pl. & Pr. 367–8; Brown v. Redwyne, 16 Ga. 67; Howard Mfg. Co. v. Waterlock Co., 53 Ga. 689.

Appellant insists that Brunner in his application asked for insurance on the "ordinary life plan" and that the policy issued to him was not written upon that plan. There is no allegation in the bill, however, that the policy was different in terms from the one applied for. Appellant herself relies upon the policy as the basis of her claim, consequently there is no force in the objection. With "Exhibit B" considered as a part of the bill, the question presented is whether or not the clause in reference to suicide is a defense to appellant's action.

Appellant claims that the clause in question was inserted in the policy in such a manner as to constitute it "a species of deceitful concealment, designed or calculated to mislead the assured," and that therefore the appellee can not take advantage of it. The bill states, however, that the assured paid the first premium and received the policy, and as there is no charge of fraud or mistake in the insertion of any provision of the policy, it must be considered that the provision in reference to suicide was knowingly accepted by the assured.

In the case of Supreme Court of Honor v. Peacock, 91 Ill. App. 632, this court had under consideration the following provision in the certificate of insurance :

"This order will not pay the benefits of members who commit suicide, whether sane or insane, except it be committed in delirium resulting from illness, or while the mem-

ber is under treatment for insanity, or has been judicially declared to be insane."

We there sustained the provision quoted and held that it was entirely reasonable that such an order as the one named should refuse to be liable for the self-destruction of insane members except upon such restrictions and safe-guards as it chose to impose in its contract.

In Supreme Tent of Maccabees v. Hammers, 81 Ill. App. 560, we sustained a by-law providing that no benefits should be paid if the death " was the result of suicide within one year after admission, whether the member so taking his own life was sane or insane at the time."

In accordance with our views upon the subject, as heretofore expressed, we hold that the provision in the policy before us in reference to suicide was a reasonable one, and constituted a defense to appellant's action as presented by her bill. The Circuit Court properly sustained the demurrer to appellant's bill of complaint, and its decree dismissing the bill is affirmed.