Davis, C. J.
The plaintiff sues upon a contract which was entered into by and between The Supreme Circle of the Protected Home Circle and Nell A. Tisch, the plaintiff’s wife, alleging it to be a contract with The Protected Home Circle, a fraternal benefit society incorporated under the laws of the state of Pennsylvania. He is therefore precluded from claiming that the acts and declarations of the Supreme Circle, which may - affect this contract, are not the acts and declarations of the corporation; for, if the Supreme Circle may manage the business and property of the corporation, notwithstanding article 4 of the charter, it is not very clear why it may not control the affairs of the corporation under both article 5 and article 6 of the charter. Moreover the Supreme Circle is constituted a body representing the whole membership of the corporation, and for that reason alone, if the power were not expressly conferred, it might legislate within the charter powers of the corporation, as to “the reception of members, their rights, privileges, obligations, duties, dues, fees and penalties.” It is provided also in the constitution of the Protected Home Circle (article 10, section 1), that “this Supreme Circle may, at any regular session, adopt *258 such hy-laws * * * as may he found necessary for its government and control, and may change the same hy a two-thirds vote of the members.” Thus having full power to do so, the Supreme Circle did enact a by-law which declares that a benefit certificate issued to a member shall he forfeited in case the insured shall die by suicide. In view of the adjudications upon the subject, there is scarcely room to dispute the proposition that such a by-law is both consistent with the charter of the organization and reasonable. Supreme Tent of Knights of the Maccabees v. Hammers, 81 Ill. App., 560; Bigelow v. Insurance Co., 93 U. S., 284; Be Gogorza v. Life Ins. Co., 65 N. Y., 232; Travelers Ins. Co. v. McGonkey, 127 U. S., 661.
The plaintiff, however, insists that it does not appear that the member upon whose application this certificate was issued, ever consented to or knew of the existence of this by-law, and for that reason the by-law cannot apply in this case. The contract which is the foundation of this action is expressly made in consideration of the representations and declarations made in the application, which application, it is stated, is filed in the office of the supreme secretary as part of the contract. 'In that application Mrs. Tisch agrees to conform in all respects “to the laws, rules and usages of the order now in force or which may he adopted hereafter.” She also signed an agreement, which appears in the medical examiner’s report, to the same effect and as “the express condition” upon which she was to he entitled to participate in the beneficiary fund. Having entered into such an explicit agreement with reference to by-laws subsequently to he made, and being a *259 voting member of a local circle wbicb was presumably represented in the supreme circle, she must be held to have had that knowledge of this by-law which she well might have had, and inasmuch as she never, so far as appears, in any manner objected thereto, she must be regarded as consenting to it, both in person and by her representatives in the Supreme Circle.
But the plaintiff also contends that the by-law, having been enacted after the benefit certificate was issued to Nell A. Tisch and before her death, could not deprive the beneficiary of his rights as they existed when the certificate was issued. That proposition might prevail if the contract of the parties had not read into the certificate all of “the laws, rules and usages” then enacted and in force or which might thereafter be adopted. But a subsequently enacted by-law should not be permitted to impair rights which have already vested under the contract. The by-law which is the subject of the controversy in this case is as follows: “The benefit certificate issued to a member shall be void and all benefits thereunder shall be forfeited in case the insured shall die by suicide, felonious or otherwise, sane or insane, or by his own hand, sane or insane. Provided that in such case there shall be refunded to the beneficiary named in said certificate the amount of all payments made, together with interest thereon at the rate of three per cent, per annum.” This bylaw applies to all benefit certificates issued, whether past,'present or future; but if at the time of its passage the death of a member holding a benefit certificate had already occurred it is clear that the certificate could not be forfeited under this by-law, be *260 cause the right of the beneficiary to the fund had accrued and he already had the vested right to sue for and recover the money due under the contract. But prior to the death of the insured, what enforceable rights can accrue to the beneficiary? That is the question which is presented in this case. The insured may acquire rights in his or her lifetime which may be protected by law; but before the death of the insured the contract is, in general, executory as to the rights of the beneficiary. It may be rescinded by the parties or it may be defeated by failure of the insured to perform. Mrs. Tisch lived more than three years after this by-law was enacted, and then, as it is conceded, shot herself with suicidal intent. There was no condition on the part of the association which had become absolute in her lifetime and which was countervailed by the by-law and we can discover no vested right of the beneficiary, the plaintiff in this action, which has been violated. Supreme Commandery of the Knights of the Golden Rule v. Ainsworth, 71 Ala., 436; Supreme Lodge K. of P. v. LaMalta, 95 Tenn., 157; Supreme Tent of Knights of the Maccabees v. Hammers, 81 Ill. App., 560; Benton v. Brotherhood of Railroad Brakemen, 146 Ill., 570.
It has been suggested that Weber v. Supreme Tent of Knights of the Maccabees of the World, 172 N. Y. 490, is an authority against the views stated here. We do not think so. When the insured in that case took out his policy the rules of the association and the contract provided that the contract should be void if the insured committed suicide within one year, whether sane or insane. It appears in the opinion by Parker, C. J., that “long subsequent to *261 the taking ont of the policy ’ ’ and ‘ ‘ after the lapse of a year from the making of the contract, ’ ’ and while the insured was still living, the by-laws were amended so as to provide that if the insured should commit suicide within five years from the time of admission into the order, whether sane or insane, the contract should be void. It was held that such an extension of the time, after the lapse of the original contract period, was a deprivation of vested rights. The facts of this case are obviously different.
It is also urged in behalf of the plaintiff in error that the certificate has not been declared forfeited by the association, and that no return of premiums was offered. That point is disposed of by Ohio Farmer’s Ins. Co. v. Wilson, 70 Ohio St., 354. The language of the by-law is: ‘ ‘ The benefit certificate issued to a member shall be void,” etc.; and judgment was entered in the court of common pleas against the association, by confession, for the amount of payments made under the certificate, with interest thereon at the rate of three per cent, per annum. The judgment of the circuit court is

Affirmed.

Shauck, Price, Crew and Spear, JJ., concur.