Beach et al. v. Jeffery.

---

## ELIAS BEACH ET AL.

### v.

## THOMAS B. JEFFERY.

1    283
69    677
1    283
81    570

1.  TENDER—IN ACTIONS OF TORT.—By the statute relating to tender, defendants in actions of tort as well as defendants in actions *ex contractu*, have the right to make tender to the plaintiff of such sum as they shall conceive sufficient amends for the injury done, and for costs if suit has been commenced, and if it shall appear that the sum tendered is sufficient, the plaintiff will not be allowed to recover any costs incurred after such tender.

2. EFFECT OF A PLEA OF TENDER—ADMISSION OF LIABILITY.—A plea of tender is an admission of liability, and the defendant is estopped by the record from denying that he is indebted to the plaintiff in the sum named in his plea.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Messrs. ELDRIDGE & TOURTELLOTTE, for appellants; that the verdict is contrary to the evidence, cited Reynolds v. Lambert, 69 Ill. 495; Ill. Cen. R. R. Co. v. Chambers, 71 Ill. 519; Toledo, W. & W. R. R. Co. v. Moore, 77 Ill. 217; City of Chicago v. Lavelle, 83 Ill. 482.

That a plea of tender admits a liability: Chitty on Con. 793; Cilley v. Hawkins, 48 Ill. 308; Monroe v. Chaldeck, 78 Ill. 429; Chitty on Con. 803; Sweetland v. Tuthill, 54 Ill. 215.

Mr. J. HENRY TRUMAN, for appellee; that a court will not disturb the verdict of a jury where the evidence is conflicting, unless it is clearly against the weight of evidence, cited Wallace v. Wren, 32 Ill. 146; Underhill v. Fake, 46 Ill. 56; Bunker v. Green, 48 Ill. 243; Demos v. Hannaman, 46 Ill. 185.

MURPHY, P. J.  On the 19th day of October, 1876, appellants sued out of the Circuit Court of Cook county, a *capias ad respondendum* against appellee, who being arrested by the sheriff, gave bail as required by law.  Appellants filed their declaration in said cause to the November term, 1876, in trespass on the case, consisting of three counts, alleging fraud on the part of appellee, by means of which appellants were cheated and defrauded out of a number of sewing machines, the particular facts constituting such alleged fraud being specified in each of said counts, being substantially the same cause of action. To this declaration appellee filed four (4) pleas: *First*, plea of not guilty; *Second*, plea of payment; *Third*, plea that except as to the sum of sixty dollars, parcel, etc., the plaintiffs suffered no grievance or damage as complained, and of this he puts himself upon the country, and tender as to said sum of sixty dollars; *Fourth*, plea of set-off as to all but sixty dol-

Beach et al. v. Jeffery.

lars, and tender of that sum.   Upon these pleas issues were joined; and thereafter, at the December term, 1877, a trial was had by a jury in said cause, which resulted in a verdict of not guilty, and judgment against appellants for costs; from which judgment they prayed an appeal to this Court, and bring the record here, and assign several errors—only two of which will be necessary for us to consider; the second and third, which are:  The verdict is contrary to law; third, the Court erred in overruling the motion for a new trial.   It is claimed by appellants that the evidence fails to support the verdict, and that a clear preponderance of evidence is against the verdict; and that upon that ground alone it is the duty of this Court to reverse the cause.

Inasmuch as the case must be submitted to another jury for trial, we deem it not only unnecessary but improper to discuss the questions of fact involved in the case, and we therefore forbear such discussion, or the expression of any opinion which would be calculated to influence a jury upon a second trial of the cause.   The question which we propose to discuss, and which we consider material, is one of law, raised by the issue formed upon the plea of tender.

By this plea, appellee admits his liability to appellants in the sum of sixty dollars, and being an admission of record in the case, we think, is a conclusive admission, and upon which admission, as matter of law, the appellant's were entitled to a judgment for that amount upon that sole ground, independent of any other evidence tending to establish a liability.

Cilley et al. v. Hawkins, 48 Ill. 312, was a case instituted for the recovery of unliquidated damages for the breach of a contract existing between said parties.   Under the 38th section of the Practice Act then existing, provision was only made for a tender of money or goods due on contract, and not for damages growing out of a tort or breach of contract.   It was held that the tender pleaded in that case was not well pleaded, for the reason that under the law, as it then stood in an action to recover unliquidated damages, the plea was not good; a tender could not be made, but notwithstanding, it was unavailing as a legal tender, being an action to recover unliquidated damages, it

was held nevertheless an admission by the defendant in error that the damages amounted to the sum tendered. But since the decision of the above entitled case, the legislature has, by the 6th section of an Act to revise the law in relation to tender, approved March 7th, 1874, provided that "whoever is guilty "of a trespass or injury, may, at any time before or after suit "brought, tender what he shall conceive sufficient amends for "the injury done, and if suit has been commenced, also the "costs of suit up to the time of making such tender; and if it "shall appear that the sum tendered was sufficient amends for "the injury done, and if suit had been commenced, was also "sufficient to pay such costs, the plaintiff shall not be allowed "to recover any costs incurred after such tender, but shall be "liable to the defendant for his costs incurred after that "time."

By this statute it is made the legal right of defendants in actions of tort as well as defendants in actions ex contractu, to make tender for the benefit of the plaintiff, and thus protect themselves for the payment of costs. It is urged by appellee that the plea of tender in this case is not responsive to the declaration, the same being in trespass on the case, and insists that it is only applicable in actions ex contractu. To this position the statute above quoted is a full and complete answer, as is shown; the right of a defendant to tender is by this statute as complete in the one case as in the other; but if it were not so provided by the statute, upon every principle of law and reason the appellee is estopped to say that the plea is not respon sive to the declaration, when he has by his own voluntary act, pleaded the same, and thus spread upon the record his solemn admission of a liability to that amount, and cannot be heard to say that the plea is not responsive to the declaration.

In Monroe v. Chaldeck, 78 Ill. 432, the Supreme Court, in discussing the effect of a plea of tender in this regard, use this language: "Under the authority cited, we cannot regard this admission as otherwise than as conclusive upon appellant; he is estopped by the record from denying that he is indebted to appellee in the sum named in his plea. The very object of a tender is, to enable the plaintiff in the action, if he sees proper

to accept the amount conceded by the defendant to be due, and thus put an end to the litigation. This object could not be attained if the defendant was not bound to abide by his tender."

In *this* case it does not appear that the money tendered was brought into court; hence it was not in the power of the court to order the money paid over to appellants, and hence, under the admissions in the plea, the court could do no less than render judgment for the amount admitted by the plea and for costs. This amount the jury should have found upon the admission of the appellee in this plea, even though they had found against the appellants upon the other evidence in the case. For these reasons we think the motion for a new trial should have been sustained, and that to deny it was error, and for which error the judgment of the court below is reversed and the cause remanded.

Judgment reversed.