## JESSIE MILLER
### v.
## DANIEL GABLE.

*Trespass—Cattle—Replevin—Tender by Owner for Injury Done—Sec. 6, Chap. 135, R. S.—Practice.*

1. The taker of cattle found trespassing, who pleads *non cepit* and *non detinet* to a declaration, in an action of replevin brought for their recovery, setting up that the same were wrongfully taken and detained, concedes their ownership to be in the person bringing the same.

2. A plea of tender, under Sec. 6, Chap. 135, R. S., admits liability for the injury complained of.

3. When it is sought to arrest a judgment not responsive to the issues joined, a motion to that end should be made in, and determined by, the trial court.

Miller v. Gable.

4. In an action based upon an injury done by trespassing cattle, their owner having tendered amends before the suit brought, this court declines to interfere with the verdict in his behalf.

5. Where the parties have been equally at fault in making immaterial issues and asking instructions thereon, neither can complain.

[Opinion filed May 25, 1889.]

APPEAL from the Circuit Court of Stephenson County; the Hon. JOHN D. CRABTREE, Judge, presiding.

Mr. J. A. CRAIN, for appellant.

Messrs. JAMES I. NEFF and J. H. STEARNS, for appellee.

UPTON, J. The appellee and appellant were lessee and owner in possession of adjoining pasture lands, along the dividing line of which was a fence.

The appellant found appellee's cattle depasturing his land, and took them *damage feasant*, whereupon appellee replevied his cattle, and declared against the appellant in such action on two counts, the one for the wrongful taking, the other for the wrongful detention of twenty-one head of cattle, the property of appellee. To these counts appellant pleaded respectively *non cepit* and *non detinet*, and issue was joined thereon. Appellant also justified the taking and detention of said cattle *damage feasant* in eight several avowances, upon which issues were joined. Replication thereto was made by appellee, stating matters in confession and avoidance not necessary to be here stated particularly, among which said replications was pleaded a tender of amends in the sum of $5 before suit brought, etc., pursuant to the statute, etc., and issue was joined thereon.

By the 6th section of Chap. 135, title "Tender," it is enacted: "Whoever is guilty of a trespass or injury may at any time before or after suit brought, tender what he shall conceive sufficient amends for the injury done, and if suit has been commenced, also the costs of suit up to the time of such tender, and if it shall appear that the sum tendered was suf-

ficient amends for the injury done, and, if suit has been commenced, was also sufficient to pay such costs, the plaintiff shall not be allowed to recover any costs incurred after such tender, but shall be liable to the defendant for his costs incurred after that time," etc.

By this plea of tender, appellee admitted of record the issue of facts set up and pleaded by the appellant in his several avowries, and that he, appellee, was liable for the trespass complained of, and that his cattle were lawfully taken and held *damage feasant*, through his, appellee's, fault and wrong.

The only issue in the case, then, remaining for the jury, was the fact and sufficiency of the tender pleaded, and in case it should be found insufficient, then to assess and determine the amount of the damages sustained for the trespass so confessed, if any should be shown by the evidence. Monroe v. Chaldick, 78 Ill. 432; Beach v. Jeffrey, 1 Ill. App. 283.

The appellee's right of property in the cattle was conceded and admitted of record by appellant's pleas, *non cepit* and *non detinet*, filed in the case. Van Namee v. Bradley, 69 Ill. 299. Hence, the fact of the alleged tender and its sufficiency, was the only remaining issue for the jury to pass upon.

The questions made upon the form of the instructions complained of, and those as to the admission of improper, and refusal to admit proper evidence, do not arise in the case under the pleadings. The only one, as we have seen, was that of damages for the confessed trespass of appellee's cattle, and the verdict of the jury was fully responsive to that issue.

Upon this issue the jury found for the appellee, on his replication of tender of sufficient amends before suit brought, as, by the evidence, they were fully justified in finding. This finding by the jury that appellant wrongfully detained the cattle of appellee, necessarily found the issue on the tender and its sufficiency in favor of the appellee. And the money so tendered having been paid into the trial court, by its order, for appellant, where the same now remains in said court for him, the tender was perfected. Of the making of this order by the court below neither party complained. The appellant made no motion in arrest of judgment in the trial court.

The proper practice is, when a judgment is sought to be arrested for the reason that the verdict of the jury is not responsive to the issues joined, a motion in arrest should be made in the trial court, and be determined by that court. Dole v. Kennedy, 38 Ill. 283.

Appellant and appellee were equally at fault in the making of immaterial issues in the case, and asking instructions thereon, and if either the one or the other, or both, were in any manner damaged thereby, they can not now be heard to complain.

Upon the question of fact submitted to the jury, the sufficiency of amends tendered, we think the evidence fairly preponderates in favor of the appellee, and we also think that the amount so tendered ought to have been accepted, and when so accepted, as it can be at any time, substantial justice has been done; and finding no substantial error in the proceedings in the Circuit Court, its judgment must be affirmed.

*Judgment affirmed.*