## Calvin H. Frew v. The Illinois Central Railroad Company.

1.   TENDER—*Issues Under a Plea of.*—Where in an action the defendant makes a tender which the plaintiff refuses to accept, the only question of fact is whether the damage sustained exceeds the amount of the tender.

2.   ERROR—*When Not Reversible.*—An error in the admission of the testimony which has produced no injurious results to the opposite party is not reversible error.

3.   PLEA OF TENDER—*Issue of—Found for the Defendant.*—When the jury finds the issue of tender for the defendant, the proper practice requires the court to render judgment in favor of defendant for costs, with leave to plaintiff to take the money out of court, which should appear on the record; but where this formal order of withdrawal has been omitted by mistake, it may be corrected by a subsequent order.

4.   PROSPECTIVE DAMAGES—*What Are Not.*—When the damages claimed in an action at law are all sustained when the act complained of is committed, they are not objectionable as prospective damages.

**Memorandum.**—Action of damages by fire.   In the Circuit Court of Ford County; the Hon. ALFRED SAMPLE, Judge, presiding.   Declaration in case; plea of not guilty and tender; trial by jury; verdict, " We, the jury, find the issue of tender for the defendant, and find the defendant not guilty."   Judgment; appeal by plaintiff.   Heard in this court at the November term, 1894, and affirmed.   Opinion filed February 11, 1895.

APPELLANT'S BRIEF, CLOUD & KERR, ATTORNEYS.

A witness can not give his opinion as an expert, unless he is shown to be such by education or experience.   L. E. & W.

R. R. Co. v. Cruzen, 29 Ill. App. 212; McCormick H. M. Co. v. Burnandt, 37 Ill. App. 165, 167; L., N. A. & C. R. R. Co. v. Cox, 30 Ill. App. 380, 383; Citizens G. L. Co. v. O'Brien, 15 Ill. App. 400, 409.

It is otherwise if he is shown to possess knowledge of the matters about which he is called to testify. O. & M. Ry. Co. v. Webb, 142 Ill. 404; L. E. & W. R. R. Co. v. Cruzen, 29 Ill. App. 212, 218; James v. Johnson, 12 Ill. App. 268.

But he may not give an opinion upon matters of common knowledge. Rogers on Expert Evidence, Sec. 8; City of Chicago v. McGiven, 78 Ill. 347; Linn v. Sigsbee, 78 Ill. 65; L. E. & W. R. R. Co. v. Helmcrick, 38 Ill. App. 141.

The plea of tender admitted the issue of fact set up in the pleadings. Miller v. Gable, 30 Ill. App. 580; Monroe v. Chaldick, 78 Ill. 429.


Cook & Moffett, attorneys for appellee.


Mr. Presiding Justice Wall delivered the opinion of the Court.

The appellant brought this action on the case against the appellee to recover damages sustained by fire escaping from a locomotive which fell upon the right of way and spread thence to the premises of appellant.

The appellee tendered forty-five dollars and the cost then accrued, but the appellant refused to accept it, and the only question of fact was whether the damages sustained exceeded the sum so tendered. This issue was found by the jury in favor of the appellee.

The appellant claimed that the fire destroyed, among other things, the roots of meadow and pasture grass then growing on his land and a quantity of manure which he had placed upon the land the preceding winter, and as a witness he was permitted to state how much manure had been so placed on the land, what it was worth, how the fire consumed the surface, including the roots of the grass and the unabsorbed manure, and what, in his opinion, was the damage to the meadow and pasture and to the productive-

ness of the soil. It is complained now that he was not permitted to state his opinion as to how long the beneficial effects of manure will be seen in the quantity of the grass.

By the proposed evidence it was sought to enhance the damages, but it is apparent that whatever was fairly to be claimed in this respect was embraced in other statements which he was permitted to make as to:

First. The burning of the surface and the destruction of the roots of the grass.

Second. The destruction of unabsorbed manure

Third. The lessened productiveness of the soil.

No material injury was done to the appellant by this ruling of the court. A witness called by him, Fred Putt, was permitted, without objection, to answer the question and gave his opinion upon the point. Certain witnesses called for appellee were allowed to testify over the objection of appellant that in their opinion the useful part of manure which had been spread upon the land the preceding winter, had been absorbed, and what remained to be seen and burned was worthless. This evidence was proper to reduce the damages for what manure was burned and to reduce the claim for injury to the productiveness of the land if, as was claimed, the surface was but slightly affected by the fire. It was not necessary to discuss the evidence more fully or to refer to the wide range of it, taken on both sides. We are satisfied that the whole matter was so thoroughly before the jury that they did not fail to comprehend the merits of the claim set up by the appellant and that no substantial part of the claim was discredited by these rulings of the court. It is urged that by the instructions given for appellee, the damages for which recovery might be had were limited to the time when the tender was made, which was after suit brought; and that speculative and conjectural damages were not to be considered, and that thereby the appellant was unduly prejudiced.

The argument is that a part of the claim was for permanent damage to the productive quality of the soil, which was in some degree prospective in its nature, and that though,

in a legal sense, the damage was all sustained when the tort was committed, yet the jury might not so understand it, and that the jury should have been given a definition of the terms "speculative" and conjectural." We think these objections are not well taken. It is to be presumed the jury were not misled in these respects. The instructions were correct in substance and in form. If the appellant feared the jury would misunderstand the instructions he might have requested the court to give others for the purpose of explaining these, but we think they needed no explanation, when considered in connection with those given for appellant, and in view of the scope of the evidence which was admitted to the jury.

The question as to damages was one which a jury was peculiarly fitted to try, and we have no doubt they properly disposed of it.

The further objection that the judgment is informal as to the right of plaintiff to withdraw the money tendered by the defendant has been obviated by a subsequent order which is sufficiently formal.

The judgment is affirmed.