### Toledo, St. Louis & Western Railroad Company v. A. M. Beals.

TENDER—*effect of.* A tender made to the plaintiff and kept good by filing the amount thereof with the clerk of the court in which an action is pending, is an admission of liability upon the issue of facts made, and leaves for determination only the question of the amount of damages.

Action commenced before justice of the peace. Appeal from the Circuit Court of Shelby county; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the May term, 1907. Affirmed. Opinion filed December 7, 1907.

EDWARD C. & JAMES W. CRAIG, JR., for appellant; CLARENCE BROWN, CHARLES A. SCHMETTAU and WALTER C. HEADEN, of counsel.

W. C. KELLEY and T. H. RIGHTER, for appellee.

Mr. Justice Ramsay delivered the opinion of the court.

Appellee brought suit against appellant before a justice of the peace in Shelby county to recover damages resulting to appellee from three separate fires upon his premises alleged to have been set by locomotives passing upon appellant's line of road. Appellee recovered a judgment before the justice of the peace and appellant appealed to the Circuit Court of said county, where, upon a trial before a jury, a verdict was returned in appellee's favor in the sum of $63.60, upon which the court rendered judgment. The company brings the case to this court by appeal.

Appellant has made several assignments of error and has argued them at length, but in the view we take of the matter it is only necessary to discuss one phase or feature of the case.

Appellee's premises were in close proximity to appellant's railroad, over which trains were run in the usual and customary manner. On June 30, August 30, and October 13, of the year 1905, there were three fires upon appellee's premises, resulting in loss and damage to him, to recover which he brought this suit.

Upon the trial, Walter C. Headen, one of the attorneys for appellant, testified that he made a tender on the twenty-second day of September, 1906, to appellee and his attorneys of $26 and all costs of suit up to that time, and that the tender had been kept good by depositing and keeping that sum with the clerk of the Circuit Court.

It is now argued with great vehemence that this tender was to apply only to the fire of August 30, but this claim seems to be wholly unsupported by the evidence. Headen, upon his cross-examination, testified that he made this tender for an amount that was in full of the suit; he said, "I didn't make it for any special fire; I made it in full settlement of this suit; in full of the matter in controversy."

On the same day the tender was made to appellee or his attorney appellant deposited the money as a tender with the clerk of the Circuit Court and took from him a receipt in the following words and figures:

"Received this day from above named defendant, the Toledo, St. Louis & Western Railroad Company, by Walter C. Headen, the sum of $40.50, being $14.50 in full payment of all accrued court costs in the above entitled cause, and $26 as a tender by said defendant to said plaintiff in full satisfaction and payment of all amounts due from said defendant to said plaintiff on account of the matters in controversy in said cause.

Dated this 22nd day of September, A. D. 1906.

W. E. McCORMICK,

Clerk of the Circuit Court of Shelby County, Illinois."

This was in substance all of the evidence upon that subject and shows conclusively that the tender as made and kept good was a tender in full of all three fires, and one which, if accepted by appellee, would have been in full discharge and release of all three claims.

This proof of tender was an admission of appellant's liabilty, upon the issue of facts, and there was then only one question for the jury to determine, and that was the amount of damages which appellee should recover. Miller v. Gable, 30 Ill. App. 578; Frew v. Ill. Cent. R. R. Co., 57 Ill. App. 42; Ill. Cent. R. R. Co. v. Cole, 62 Ill. App. 485.

In Bacon v. Inhabitants of Charleston, 7 Cush. (Mass.) 582, the court say: "We take the rule to be well settled that where money is tendered and paid into court it operates as a conclusive confession of every fact which the plaintiff would have to prove to maintain his suit, leaving open only the question of damages."

The damages allowed by the jury were not, in our judgment, excessive, and the judgment will be accordingly affirmed.

*Affirmed.*