**Henry C. Goebel et al., Appellees, v. Chicago, Burlington & Quincy Railroad Company, Appellant.**

1. TENDER—*effect of, as admission.* A tender is an admission of liability and leaves open only the question of the amount of such liability.

2. MEASURE OF DAMAGES—*for loss of merchandise in transit.* In such a case the measure of damages is the value of such merchandise at the place of destination.

Action commenced before justice of the peace. Appeal from the County Court of Morgan county; the Hon. FRANCIS E. BALDWIN, Judge, presiding. Heard in this court at the November term, 1908. Affirmed. Opinion filed May 19, 1909. Rehearing denied June 30, 1909.

KIRBY & WILSON, for appellant; CHESTER M. DAWES, of counsel.

EDWARD P. BROCKHOUSE, for appellees; BELLATTI & BARNES, of counsel.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Appellees sued appellant to recover the value of a duplicate shipment of flour, made under an alleged order to appellant, and upon the trial had before a jury in the County Court of Morgan county a verdict was returned in favor of appellees in the sum of $159.46 upon which a judgment was entered from which this appeal has been prosecuted.

It appeared from the evidence that on the 22nd day of April, 1907, appellees, who were flour millers at Jacksonville, Illinois, received an order from B. C. Hall of Elmwood, Illinois, for 30 barrels of flour, at the aggregate price of $117 at Jacksonville and on June 15, 1907, shipped the same to Hall upon appellant's line or road; that appellees prepaid the freight thereon to appellant in the sum of $6.11; that this shipment of flour, when it was received by Hall was found to be unfit for use, having become spoiled while in appellant's care; that upon an examination by appellant, it took back the flour from Hall and disposed of it; that on the 24th of June, 1907, appellees replaced the flour, i. e., shipped a like amount of the same kind and quality to Hall and paid to appellant the freight charge of $6.11 and that thereupon Hall paid appellees the sum of $117, being the amount of the first shipment.

It further appeared from the evidence that there

was an advance in price of $1 per barrel upon flour
of the grade involved, between the date of the order
of the first shipment and the time of the making of
the second shipment to Hall, and that upon appellees'
learning of the loss of the first shipment Goebel, one
of the appellees, notified E. F. Mitchell, the local agent
of appellant at Jacksonville, of such loss and asked
him what appellees should do. It is claimed by appel-
lees that in response to these inquiries made by Goebel,
Mitchell, acting as such agent of appellant, said,
"make a duplicate shipment and make claim for the
difference."

This suit was brought by appellees upon the theory
that appellant was liable to them for the value of the
flour at Elmwood at the time of the delivery there of
the second shipment and upon this theory the verdict
was returned and judgment rendered, now sought to
be reversed.

After suit was brought appellant made a tender of
$117, the value of the first shipment, together with
interest and costs, which tender was kept good by
bringing the money into court.

Appellant contends that the right of recovery was
in Hall as consignee; that by delivery of the goods
to the common carrier, the property in the goods
vested in the consignee and that no one else could, by
substitution, maintain suit in his own name. What-
ever merit there may have been in this contention, if
made in proper form, appellant now is in no position
to urge, for the reason that it has admitted a liability
in appellees' favor by making tender in court of the
money it concedes to be due. County of La Salle v.
Hatheway, 78 Ill. App. 95; Frew v. Ill. Cent. R. R.
Co., 57 Ill. App. 42; Toledo, St. Louis & Western R. R.
Co. v. Beals, 137 Ill. App. 430.

In admitting a liability by its tender appellant left
no question undetermined except the amount of re-
covery. The undisputed evidence showed that at the
time of the delivery of the second shipment at Elm-

wood the flour had advanced $1 per barrel over the price at which it was sold on the order of April 22, and that its value at the time of such second delivery was fully $153 at the place of delivery.

The value of merchandise at the place of destination is the measure of damages. Northern Transportation Co. v. McClary, 66 Ill. 233.

The verdict was for the value of the flour at Elmwood at the time of the second shipment with interest.

There is no error in the record and the judgment is affirmed.

*Affirmed.*