## Anton Noth, Appellee, v. Fidelity Mutual Life Insurance Company, Appellant.

1. APPEAL AND ERROR—*decision on appeal as law of the case on retrial and later appeal.* The decision of the Appellate Court reversing a judgment, and holding that a plea of tender interposed by defendant was good, was fully proved and for all that plaintiff was entitled to recover is conclusive upon the trial court upon a retrial upon the same pleadings and substantially the same evidence and on such retrial judgment should have been entered for defendant with costs with leave to plaintiff to take the amount tendered out of court.

2. APPEAL AND ERROR—*when Appellate Court on second appeal may enter judgment which trial court should have rendered.* Where an action is retried after a reversal by the Appellate Court of the

former judgment, on a theory contrary to the law of the case as announced in the decision on appeal, and a judgment is rendered in disregard of the law of the case, the Appellate Court, on appeal from the second judgment, may reverse the same and render judgment in conformity with rule announced on the former appeal, under Practice Act, secs. 110, 111, Cahill's Ill. St. ch. 110, ¶¶ 110, 111, where the appellee is not thereby deprived of his right to have the Supreme Court review the case.

Appeal from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the March term, 1922. Reversed with finding of facts. Opinion filed April 28, 1922.

WARNOCK, WILLIAMSON & BURROUGHS and JONES, HOCKER, SULLIVAN & ANGERT, for appellant.

BURTON & BURTON and M. V. HAYDEN, for appellee.

MR. JUSTICE BARRY delivered the opinion of the court.

On July 20, 1906, appellee, then sixty years of age, procured from appellant a $2,000 policy of insurance on the twenty-year guaranteed addition plan to be issued as of the age of fifty years, premiums to be fully paid in ten annual payments of $138.62 each. If living at the end of the ten-year period appellee had the option of calling for the guaranteed cash value of $1,554, together with the profits apportioned to the policy.

When issued the policy was, in effect, ten years old and the law imposed upon appellant a reserve liability of about $972 on account thereof.

Having received no premiums on the policy for the first ten years of the twenty-year period, appellant had no reserve to take care of the reserve liability, so when appellee applied for the policy he executed a certificate of loan for the $972, which contained a recital that appellant should have a lien on the policy for said sum with interest at six per cent per annum from June 10, 1906.

The policy contained a provision that appellant should retain the said amount and interest out of any moneys that might become due to appellee under the terms of said policy.

Appellee survived the ten-year period and in 1916 elected to take the cash value and apportioned profits amounting in all to $1,954.43. Appellant insisted that it was entitled to deduct from said sum the amount of the certificate of loan with interest thereon and that after doing so the amount due appellee was $407.58. Appellee refused to accept that sum and brought suit. Appellant tendered $407.58 and costs accrued, $9.85, and brought the money into court and filed a plea of tender and also pleaded the certificate of loan.

Appellee filed replications to the effect that the said certificate of loan was procured by fraud and by fraud and circumvention and without consideration. The trial resulted in a verdict and judgment in favor of appellee for $1,954.43 and the case was brought to this court on appeal. We held that the certificate of loan was a part of the contract of insurance; that it was not procured by fraud or fraud and circumvention, and was not without consideration, and that appellee was only entitled to recover the amount tendered. *Noth v. Fidelity Mut. Life Ins. Co. of Philadelphia,* 211 Ill. App. 94.

A second trial was had upon the same pleadings and substantially the same evidence and appellee recovered a verdict and judgment for $2,410.45. On the trial it was stipulated by the parties that appellant tendered to appellee the sum of $417.43, which amount included the costs of suit up to the time of tender, amounting to $9.85. Under our former decision, which was conclusive upon the parties and the trial court and upon us on a second appeal, the plea of tender was fully proved and was for all that appellee was entitled to recover. The issue on that plea should have been found in favor of appellant and it should

have had judgment for costs with leave to appellee to take the money out of court. *Frew v. Illinois Cent. R. Co.,* 57 Ill. App. 42; 26 R. C. L. 654.

Appellant, however, tried the case on the theory that appellee was entitled to a verdict for the amount of the tender. At the close of appellee's evidence, and also at the close of all the evidence, it requested the court to give the following instruction: "The court instructs the jury to find the issues for the plaintiff and assess his damages at the sum of $407.58." The court refused the same. Appellant's given instructions conceded the right of appellee to a verdict for $407.58.

On the oral argument of this case counsel for both parties expressed a desire that we should enter such a judgment as would enable them to present the case to the Supreme Court without again going back to the trial court. While the language of sections 110 and 111 of the Practice Act [Cahill's Ill. St. ch. 110, ¶¶ 110, 111] seems to authorize us to render such a judgment as ought to have been rendered by the trial court, yet it has been held that where a jury has not been waived a judgment in favor of a defendant should not be reversed and a judgment entered by the Appellate Court in favor of the plaintiff, even though it might have been proper for the trial court to have directed such a verdict. *City of Spring Valley v. Spring Valley Coal Co.,* 173 Ill. 497.

The reason given by the court for that holding is that such a course would deprive the defendant of his right to have the Supreme Court review the question of law preserved by the giving of a peremptory instruction for the plaintiff. That reason does not exist in the case at bar, as appellant concedes the right of appellee to a judgment for $407.58 and the reversal of the judgment of the circuit court and the entry of judgment here for that amount would not deprive appellee of his right to have the Supreme Court review the case.

In view of our holding on the former appeal, the judgment of the circuit court must be and the same is hereby reversed and appellee shall pay the costs in this court.

It is ordered that appellee have and recover from appellant the sum of $407.58 and that he have execution thereof.

*Judgment reversed with finding of facts and judgment here for $407.58.*

The clerk will incorporate in the judgment of reversal the following findings of fact: "The court finds that the certificate of loan is a part of the contract of insurance and that said certificate was not procured from appellee by fraud or by fraud and circumvention; that it was not executed without consideration; that appellant is entitled to deduct the amount of said certificate and interest thereon from the amount that would otherwise be due appellee under the terms of the policy."