LOTTIE McLEAN, Plaintiff-Appellant, v. GENE YOST, Defendant-Appellee.

Fourth District   No. 4—94—0865

Argued June 15, 1995.—Opinion filed June 29, 1995.

Carol Hansen Posegate, David A. Herman (argued), and Arthur B. Cornell, Jr., all of Giffin, Winning, Cohen & Bodewes, P.C., of Springfield, for appellant.

Randall A. Mead (argued), of Drake, Narup & Mead, P.C., of Springfield, for appellee.

JUSTICE LUND delivered the opinion of the court:

This is a case in which defense counsel, in a personal injury action, made a supposed tender under the provisions of section 5—126 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1991, ch. 110, par. 5—126) (now 735 ILCS 5/5—126 (West 1992)) to settle for an amount of $18,000. *No money was deposited with the court.* Plaintiff refused, went to trial, and the jury delivered a verdict in defendant's favor. Now defense counsel's "tender" became a major problem because by motion for judgment *n.o.v.*, plaintiff renewed her contention (made previously in a motion for summary judgment and motions for directed verdict) that the tender effectively admitted liability. Historically, tender was treated as admission of liability. See *Miller v. Gable* (1889), 30 Ill. App. 578.

■ The present statute provides:

"[W]hoever owes another unliquidated damages or demands arising out of a contract may at any time, before or after suit is brought, tender what he or she shall conceive sufficient amends for the injury done or to pay the unliquidated damages or demands; and if suit has been commenced, also the costs of suit up to the time of making the tender. If it appears that the sum tendered was sufficient amends for the injury done or to pay the damages, and if suit has been commenced was also sufficient to pay the costs of suit up to the time of making the tender, the plaintiff shall not be allowed to recover any costs incurred after the tender, but shall be liable to the defendant for the defendant's costs incurred after that time." 735 ILCS 5/5—126 (West 1992).

Defense counsel included the following with a letter of September 1, 1992:

*"TENDER*

| | |
|---|---|
| RE: | *Lottie McLean v. Gene Yost* |
| Case No.: | 92—L—19 |
| Date: | September 1, 1992 |

Pursuant to Code of Civil Procedure Section 5—126, S.H.A. Chapter 110, Paragraph 5—126 (1992 pp) tender is hereby made to the Plaintiff of the single sum of eighteen thousand ($18,000.00) as sufficient amends for both the injuries allegedly done to her and her costs to date.

By [signature]
Randall A. Mead."

The letter argued that proof of plaintiff's intoxication would result in a verdict for defendant. It also stated that plaintiff, in refusing the tender together with losing the lawsuit, "will be liable for all costs incurred from this date. Please be advised that we construe the term 'costs' to include attorney's fees."

■ We would reverse and remand for trial on the issue of damages, except for one thing. Defendant did not protect the purported tender by depositing $18,000 with the clerk of the court. That requirement to perfect a tender is implied in the following opinions: *Miller* (30 Ill. App. 578); *Toledo, St. Louis & Western R.R. Co. v. Beals* (1907), 137 Ill. App. 430; and *Goebel v. Chicago, Burlington & Quincy R.R. Co.* (1909), 149 Ill. App. 649, 651 (and cases cited therein). Although these appellate opinions all predate 1935 and are nonprecedential, we find this line of authority persuasive and the concept to have continued validity. All indicate the necessity of tendering the funds into court.

Tender is defined as "[t]he actual proffer of money, as distinguished from mere proposal or proposition to proffer it. Hence mere written proposal to pay money, without offer of cash, is not 'tender.' " (Black's Law Dictionary 1315 (5th ed. 1979).) We hold that to perfect a tender under section 5—126 of the Code, the amount of money must be deposited with the clerk of the court. Here, there was no deposit of moneys. No tender existed, and there was no resulting admission of liability.

In so ruling, we are aware that section 5—126 of the Code was originally enacted when damages resulted from cattle trespassing into the neighbor's field and the coal-burning engines of the railroad started fires along the right-of-way. The provision preceded the days of contributory negligence and comparative negligence. To perfect a tender under section 5—126 of the Code, the tender amount must be deposited with the clerk of the court. The attempt at tender was not a tender. No admission resulted.

Affirmed.

STEIGMANN and McCULLOUGH, JJ., concur.