2022 IL App (1st) 210075-U

SIXTH DIVISION
January 21, 2022

No. 1-21-0075

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| DENNIS G. KRAL, LTD., | ) | Appeal from the Circuit Court of Cook County |
| Plaintiff-Appellant, | ) ) ) | |
| v. | ) ) | No. 19 L 11983 |
| JPMORGAN CHASE BANK, N.A., | ) ) | The Honorable Lloyd J. Brooks and Scott D. McKenna, Judges, presiding. |
| Defendant-Appellee. | ) ) | |

PRESIDING JUSTICE PIERCE delivered the judgment of the court.
Justices Harris and Oden Johnson concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The judgment of the circuit court is affirmed. Defendant's tender mooted plaintiff's breach of contract claim. The circuit court's judgment dismissing plaintiff's complaint is affirmed, but we remand for further proceedings to calculate plaintiff's court costs incurred prior to defendant's tender. The circuit court did not err by striking plaintiff's amended complaint where it was filed without leave of court.

¶ 2    Plaintiff, Dennis G. Kral, Ltd., sued defendant, JPMorgan Chase Bank, N.A., for breach of contract and other theories for failing to refund plaintiff after a third party used forged checks to make draws on plaintiff's checking account. The circuit court dismissed plaintiff's count I breach of contract claim as moot, as defendant had tendered the amount requested in the breach of contract

claim, dismissed plaintiff's count II "unjust enrichment and fraud" claim without prejudice, and gave plaintiff time to replead count II. After the time for repleading lapsed, plaintiff filed a motion to reconsider the dismissal order and for leave to file an amended complaint. The circuit court denied the motion to reconsider in a written order but did not address plaintiff's request to file an amended complaint. Plaintiff filed an untimely amended complaint without leave of court, which the circuit court struck, finding that the denial of plaintiff's motion to reconsider was a final order.

¶ 3       On appeal, plaintiff argues the circuit court erred by denying plaintiff's motion for summary judgment on count I of its initial complaint and erred by dismissing its amended complaint. Defendant addresses plaintiff's arguments on the merits, but also argues we lack jurisdiction over plaintiff's appeal because the notice of appeal was untimely, and plaintiff's notice of appeal identifies orders that the circuit court did not enter. Defendant further contends we should strike plaintiff's appellate brief and dismiss this appeal for plaintiff's violations of Rule 341. We affirm the circuit court's judgment and remand for the limited purpose of allowing plaintiff to recover court costs incurred prior to defendant's tender.

¶ 4                                  I. BACKGROUND

¶ 5       Plaintiff filed a two-count complaint against defendant and made the following allegations. Count I was styled as a breach of contract claim. Plaintiff had a checking accounting with defendant. In August 2016, defendant alerted plaintiff to an out-of-sequence check drawn on plaintiff's account for $2000, payable to Janeea C. Robinson. Plaintiff denied issuing the check. After meeting with a bank officer, plaintiff received assurances that the check would not be processed. In February 2017, plaintiff discovered defendant processed three other checks in the amounts of $420, $421, and $425, drawn on his checking account that were out of sequence, appeared to be photocopies, and lacked any signature. Defendant advised plaintiff it would

2

investigate, but later denied plaintiff's request for reimbursement. In October 2019, defendant alerted plaintiff to another suspicious check in the amount of $6425, and plaintiff confirmed it was a forgery. Defendant's officer advised plaintiff to close the checking account and open a new account. While opening the new account, plaintiff learned of four additional forged checks drawn on the account, each for $425. Defendant credited plaintiff's new checking account with $6425. Plaintiff later learned the funds in his account "were held/frozen for over a week." Defendant denied plaintiff's request for reimbursement of the four $425 checks totaling $1700.

¶ 6 Count II was styled as "Unjust Enrichment & Fraud." Plaintiff alleged defendant routinely denied requests for reimbursement for smaller dollar amounts, in breach of its fiduciary duties to protect account holders. Defendant's actions were willful and without justification. Plaintiff sought punitive damages exceeding $50,000.

¶ 7 Defendant moved to dismiss the entire complaint as moot pursuant to section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2020)) because it reimbursed plaintiff $1700 in January 2020, and alternatively moved to dismiss count II pursuant to section 2-615 of the Code (*id.* § 2-615) because count II failed to adequately allege fraud or unjust enrichment.

¶ 8 The circuit court entered a briefing schedule and scheduled a hearing date. Plaintiff responded in a document styled "Answer to Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to 735 ILCS 5/2-615 & 619." The substance of its response, however, was a motion for summary judgment on count I of its complaint, arguing that defendant "admit[s] that it owed Plaintiff the reimbursement of the forged checks." Plaintiff argued that the motion to dismiss should be denied and summary judgment entered in plaintiff's favor, and that plaintiff would "acknowledge the receipt of the principal amount paid and provide a release and satisfaction on

Count I upon receipt of its court costs to date." It also argued that defendant only deposited the $1700 after plaintiff filed its complaint in a "transparent attempt to avoid a judgment/recovery on Count I which is a requirement to recover damages under Count II." Plaintiff did not directly respond to the arguments raised in defendant's section 2-615 motion to dismiss count II, or defendant's 2-619 motion to dismiss the complaint in its entirety. In reply, defendant asserted that count I was moot because defendant tendered everything plaintiff requested in count I, and plaintiff did not respond to the motion to dismiss count II.

¶ 9    On April 30, 2020, the circuit court entered a written order[1] dismissing count I with prejudice pursuant to section 2-619 of the Code, finding that defendant's tender of the full amount requested mooted the breach of contract claim, and plaintiff did not identify any additional relief it could obtain under count I. The circuit court dismissed count II without prejudice pursuant to section 2-615 of the Code, finding that plaintiff could not pursue an unjust enrichment claim because plaintiff had an available legal remedy, and plaintiff failed to allege any misrepresentation to support a fraud claim. Plaintiff was granted 28 days to replead.

¶ 10    Plaintiff did not file an amended complaint within 28 days of the circuit court's April 30, 2020, order. On August 5, 2020, plaintiff filed a "Memorandum in Response to Defendant's Memorandum and Motion to Dismiss," even though the circuit court already granted defendant's motion in the April 30 order.

¶ 11    On September 2, 2020, plaintiff filed a motion to vacate and reconsider the circuit court's April 30 order, and for additional time to file an amended complaint. Plaintiff asserted that, due to the Covid-19 pandemic, it did not know defendant was proceeding on its motion to dismiss on

---

[1]We note that the circuit court's order shows the circuit court contacted the parties and advised that no oral argument was necessary and "[n]o party had raised an objection to the Court taking the matter under advisement and ruling without oral argument."

April 30, 2020, and had "asked that the [defendant's] attorney confirm no action would be taken as plaintiff intended to file a [m]emorandum opposing the issue of mootness." Attached to plaintiff's motion was an e-mail to defendant's counsel dated April 23, 2020, that says in its entirety, "Maybe there is something I don't know but the court is closed on that day and hasn't been reset. Please confirm." Plaintiff accused defendant of proceeding on its motion to dismiss *ex parte* and claimed that it did not receive the dismissal order until August 2020.

¶ 12    On September 9, 2020, Judge Brooks denied plaintiff's motion to vacate and reconsider in a written order. Judge Brooks explained he received all the briefing on the motion to dismiss, e-mailed the parties indicating the motion had been taken under advisement, and e-mailed the order to the parties "using the e-mail addresses the Court could obtain from the record." Judge Brooks's order did not expressly address plaintiff's request for leave to file its amended complaint; the order concludes "[t]he motion to reconsider is denied."

¶ 13    On October 15, 2020, plaintiff filed a one-count amended complaint alleging breach of fiduciary duty. Defendant moved to strike the amended complaint, as it was not filed within 28 days of the April 30 order and was filed without leave of court. On December 29, 2020, after briefing, Judge McKenna struck the amended complaint, finding it "null and void." Judge McKenna explained that Judge Brooks's September 9 order denying plaintiff's motion to vacate and reconsider "is and was a final order dismissing this action with prejudice, including Counts I and II of Plaintiff's original Complaint."

¶ 14    Plaintiff filed a notice of appeal on January 26, 2021, identifying the circuit court's April 30, 2020, order "denying Plaintiff's Motion for Summary Judgment as to Count I" and December 29, 2020, order "dismissing Plaintiff's Amended Complaint."

¶ 15                                    II. JURISDICTION

¶ 16    Before addressing plaintiff's arguments, we address defendant's contention that we lack jurisdiction over plaintiff's appeal. Defendant first argues the circuit court's April 30, 2020, order dismissing both counts of the complaint became final on September 9, 2020, when the circuit court denied plaintiff's motion to vacate, reconsider, and for an extension of time to file an amended complaint. Defendant argues plaintiff's January 26, 2021, notice of appeal was not filed within 30 days of September 9, 2020, so this court lacks jurisdiction. Second, defendant argues plaintiff's notice of appeal, even if timely, failed to adequately identify the judgments from which it appeals. The circuit court dismissed count I of the complaint pursuant to section 2-619 of the Code and struck the amended complaint, yet plaintiff's notice of appeal identifies a nonexistent denial of summary judgment and refers to a dismissal of the amended complaint. Plaintiff's reply brief offers no legal argument related to jurisdiction. Instead, it contends that its notice of appeal was filed within 30 days of the circuit court's December 29, 2020, order.

¶ 17    The statement of jurisdiction in plaintiff's appellate brief says that "this case is appealed *** from the lower's dismissal of plaintiff's count I as moot and dismissal of plaintiff's amended complaint pursuant to 735 ILCS 5/2-615." Plaintiff's statement does not comply with Rule 341(h)(4)(ii) (eff. Oct. 1, 2020) because it does not identify the supreme court rule that confers this court with jurisdiction. Furthermore, plaintiff offers no explanation or argument regarding the finality and appealability of the circuit court's orders.

¶ 18    Rule 301 provides "Every final judgment of a circuit court in a civil case is appealable as a matter of right." Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). Rule 303(a) provides a notice of appeal must be filed within 30 days of the circuit court's final judgment, or within 30 days of the circuit court's order disposing of the last timely postjudgment motion. Ill. S. Ct. R. 303(a) (eff. July 1,

2017). The crux of defendant's jurisdictional argument is that the circuit court's September 9, 2020, order was the final judgment order in this case because the circuit court denied plaintiff leave to file an amended complaint. We do not agree.

¶ 19    The circuit court's April 30, 2020, order was interlocutory because plaintiff had the opportunity to replead. *Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518, ¶ 25 (citing *Palm v. 2800 Lake Shore Drive Condominium Ass'n*, 2013 IL 110505, ¶ 21). "[W]here *** the circuit court dismisses a complaint, and specifies a number of days for filing an amended complaint, the court retains jurisdiction to allow the amended complaint to be filed even after the time period has expired." *Id.* ¶ 28. Plaintiff did not file an amended complaint within the time prescribed by the circuit court, but that did not automatically mean the case was over; the circuit court, in its discretion, still could permit an amended pleading. See *id.* ¶ 35. The circuit court's order dismissing counts I and II of the initial complaint became final on December 29, 2020, when the circuit court struck plaintiff's amended complaint because, until that date, the circuit court never entered an order dismissing the case.

¶ 20    Defendant contends the circuit court denied plaintiff leave to amend on September 9, 2020, when the circuit court denied plaintiff's motion to vacate and reconsider. We disagree because the circuit court's September 9, 2020, order only denied plaintiff's motion to reconsider the dismissal of count I with prejudice. The circuit court's September 9, 2020, order did not grant or deny plaintiff's request for leave to file an amended complaint and, notably, the circuit court did not enter any order dismissing the case and at no point did defendant move the circuit court for the entry of a final order dismissing the case. Under these circumstances, we find the circuit court's September 9, 2020, order was not a final order because it did not address plaintiff's motion for leave to file an amended complaint or dismiss the case.

¶ 21 That leaves the circuit court's December 29, 2020, order as the only plausible final and appealable order. In the December 29 order, Judge McKenna granted defendant's motion to strike plaintiff's amended complaint, finding Judge Brooks's September 9 order denying reconsideration "is and was a final order dismissing this action with prejudice, including [c]ounts I and II of [p]laintiff's original [c]omplaint." We have found that the circuit court's September 9, 2020, was not a final order, and Judge McKenna's comments were incorrect because Judge Brooks's order did not foreclose plaintiff's ability to replead. We find the circuit court's December 29, 2020, order was final because, based on our reading of the record, Judge McKenna was not going to allow any further amendments or refiling, plaintiff never requested further leave to amend, and the proceedings were over at that point in time. An amended pleading filed without leave of court is a nullity and should be stricken. *In re Estate of Zander*, 242 Ill. App. 3d 774, 776-77 (1993)). The circuit court, in its discretion, could have given plaintiff an opportunity to further amend its complaint (735 ILCS 5/2-616(a) (West 2020) ("At any time before final judgment amendments may be allowed on just and reasonable terms ***")), but did not. Instead, the contents of the December 29, 2020, order show the circuit court considered the case over. We find the circuit court's December 29, 2020, order finally disposed of the claims in plaintiff's original complaint and was a final and appealable order.

¶ 22 Next, defendant argues that even if the notice of appeal was timely, plaintiff's notice of appeal did not adequately identify the orders from which it appeals. Plaintiff identifies the circuit court's April 30, 2020, order "denying Plaintiff's Motion for Summary Judgment as to Count I of its Complaint pursuant to 735 ILCS 5/2-1035 [*sic*]," and the circuit court's December 30, 2020, order "dismissing plaintiff's amended complaint under section 735 ILCS 2-5/615 [*sic*] ***." Defendant argues the circuit court did not rule on plaintiff's motion for summary judgment in its

April 30, 2020, order, and the circuit court did not dismiss the amended complaint but instead struck the complaint as null and void. We find we have jurisdiction over plaintiff's appeal.

¶ 23    A notice of appeal must "specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court." Ill. S. Ct. R. 303(b)(2) (eff. July 1, 2017). The filing of a notice of appeal is the jurisdictional step that initiates appellate review. *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 176 (2011). Without a properly filed notice of appeal, this court lacks jurisdiction. *Id.* "A notice of appeal confers jurisdiction on a court of review to consider only the judgments or parts of judgments specified in the notice of appeal." *Id.*

> "The purpose of the notice of appeal is to inform the prevailing party that the other party seeks review of the trial court's decision. [Citation.] The notice of appeal should be considered as a whole and will be deemed sufficient to confer jurisdiction on an appellate court when it fairly and adequately sets out the judgment complained of and the relief sought, thus advising the successful litigant of the nature of the appeal." (Internal quotation marks omitted.) *Id.*

¶ 24    Plaintiff's notice of appeal, liberally construed, fairly and adequately sets out the judgments complained of. Plaintiff's notice of appeal identifies two judgment dates: April 30, 2020, and December 29, 2020. Plaintiff's notice of appeal describes the April 30, 2020, judgment as a denial of plaintiff's motion for summary judgment, when in the fact the circuit court never expressly ruled on plaintiff's motion for summary judgment and instead dismissed count I with prejudice pursuant to section 2-619 of the Code and count II without prejudice. The substance of plaintiff's motion for summary judgment was that defendant's tender of the full amount requested in count I was an admission of liability and was designed to avoid a judgment on count II. The circuit court's judgment did not specifically address plaintiff's motion for summary judgment on count I, but

plaintiff's notice of appeal clearly sought review of the circuit court's disposition of count I. Further, we find plaintiff's notice of appeal adequately described the circuit court's December 29, 2020, order; while plaintiff sought review of the circuit court's order "dismissing" the amended complaint rather than "striking" the amended complaint, the result is the same: the circuit court denied plaintiff an opportunity to pursue the claims in the amended complaint. Liberally construing plaintiff's notice of appeal, as we must, we find that it sufficiently described the judgments plaintiff sought to appeal. Further, defendant has not identified any confusion, prejudice, or surprise resulting from any inaccuracies in the notice of appeal.

¶ 25    For the reasons set forth above, we find we have jurisdiction to consider plaintiff's appeal.

¶ 26                                     III. ANALYSIS

¶ 27    Defendant asserts that, even if this court has jurisdiction, we should strike plaintiff's brief and dismiss the appeal due to the condition of plaintiff's appellate brief. Defendant identifies numerous alleged deficiencies in plaintiff's brief, including the failure to include an adequate table of contents (Ill. S. Ct. R. 341(h)(1)); identify the standard of review for any issue raised on appeal (Ill. S. Ct. R. 341(h)(3)); provide an adequate statement of jurisdiction (Ill. S. Ct. R. 341(h)(4); cite to the record on appeal to support plaintiff's statement of facts and arguments (Ill. S. Ct. R. 341(h)(6), (7)); and include materials required by Rule 342 in the appendix to plaintiff's brief (Ill. S. Ct. R. 341(h)(9); Ill. S. Ct. R. 342 (eff. Oct. 1, 2019). We agree with defendant that plaintiff's brief does not comply with our supreme court's rules. We have the discretion to strike a brief and dismiss an appeal due to an appellant's failure to comply with our supreme court's mandatory rules governing appellate briefs. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Here, we decline to strike plaintiff's brief or dismiss its appeal because the deficiencies in plaintiff's brief are not so severe as to hinder our ability to understand the issues on appeal.

¶ 28    Turning to the merits, plaintiff first argues the circuit court erred by denying its motion for summary judgment on count I of the initial complaint. It contends the breach of contract claim was not mooted by defendant's tender of $1700 to plaintiff because, in its view, the proper remedy was to enter judgment in plaintiff's favor and grant plaintiff's request for costs. Plaintiff appears to argue that the mootness doctrine only applies to class action cases in which the defendant tenders the full amount requested by a plaintiff seeking to represent a class. We find plaintiff has forfeited its appellate argument by failing to cite any authority to support its position. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Forfeiture aside, we disagree with plaintiff.

¶ 29    Plaintiff does not identify the standard of review for this issue. It is undisputed that the circuit court dismissed count I of the complaint as moot, and this court reviews a circuit court's dismissal order *de novo*. *Lutkauskas v. Ricker*, 2015 IL 117090, ¶ 29.

¶ 30    Our supreme court has explained that a tender " 'is defined as "[t]he actual proffer of money, as distinguished from the mere proposal or proposition to proffer it." ' " *Joiner v. SVM Management, LLC*, 2020 IL 124671, ¶ 39 (quoting *McLean v. Yost*, 273 Ill. App. 3d 178, 180 (1995) (quoting Black's Law Dictionary 1315 (5th ed. 1979))). A tender is "effective if it is for the entire amount owed" (*id.* ¶ 44) and must be produced rather than offered (*id.*). A tender admits liability. *Id.* "When a defendant admits liability and provides the plaintiff with all the relief requested—as [the defendant] does with a tender—no controversy exists." *Id.* ¶ 46.

¶ 31    Here, after plaintiff filed suit seeking $1700 in damages, defendant deposited $1700 to one of plaintiff's checking accounts. The record contains no evidence that plaintiff returned or otherwise rejected the $1700. Defendant admitted liability by giving plaintiff all the damages requested, resolving any controversy as to liability and damages on count I of plaintiff's complaint.

11

¶ 32 Plaintiff asserts that in *Joiner*, our supreme court found that "tenders made to satisfy a demand, if made after filing of suit, should be made to the court." *Id.* ¶ 56. It contends defendant tendered the $1700 directly to plaintiff and therefore was not an effective tender. Plaintiff, however, forfeited this point by failing to raise it in the circuit court. At no time during the proceedings on defendant's motion to dismiss did plaintiff assert the tender was ineffective because it was not deposited with the circuit court. Instead, plaintiff argued that defendant admitted liability, defendant deposited the $1700 into the incorrect checking account for plaintiff, and defendant's tender did not cover plaintiff's court costs. In fact, nothing in plaintiff's response to the motion for summary judgment contested that a tender occurred; plaintiff objected to the dismissal of its claim because defendant had not paid plaintiff's court costs. Plaintiff did not argue defendant's tender was ineffective on grounds that defendant should have tendered the funds to the circuit court and has therefore forfeited any such argument on appeal. See *Wells Fargo Bank, N.A. v. Maka*, 2017 IL App (1st) 153010, ¶ 24 ("It is well settled that a party that does not raise an issue in the trial court forfeits that issue and may not raise it for the first time on appeal."). Furthermore, defendant made its tender on January 17, 2020. The supreme court's opinion in *Joiner* was filed on February 21, 2020. The supreme court explained that "*future* tenders made to satisfy a demand, if made after filing of suit, should be made to the court." (Emphasis added). *Joiner*, 2020 IL 124671, ¶ 56. Here, at the time defendant made its tender, our supreme court had not yet announced the rule that an effective tender must be deposited with the circuit court. We find that defendant's tender was effective to moot count I of plaintiff's complaint.

¶ 33 While plaintiff does not develop and advance a clear argument regarding defendant's failure to include costs in the tender, we find any failure to pay plaintiff's court costs did not undermine the effectiveness of defendant's tender. The supreme court in *Joiner* explained that it

12

was unaware of any authority standing "for the proposition that a defendant who makes a tender prior to adjudication must somehow know and include costs *** in the tender ***." *Id.* ¶ 53. Here, an e-mail in the record shows that, before the circuit court dismissed count I, defendant's counsel asked plaintiff "to tell me the amount of your costs," and plaintiff refused. The record therefore reflects that defendant was willing to pay plaintiff's costs, but plaintiff refused to tell defendant what costs plaintiff had incurred. By paying the full amount requested in count I and requesting that plaintiff notify defendant of its costs, defendant tendered complete relief on count I. All that remained was a tabulation of plaintiff's costs. Defendant's tender was therefore effective to moot count I of plaintiff's complaint.

¶ 34    Nevertheless, the record reflects that the circuit court never considered recovery of plaintiff's costs and thus never determined the amount of plaintiff's costs. There is no dispute between the parties that plaintiff is entitled to its court costs for count I. The same was true in *Joiner*: the defendant's tender was effective despite the defendant having not actually paid the plaintiff's costs. The court explained: "If the tender fully satisfies the plaintiff's demand absent costs and attorney fees, the court could then hold a hearing on costs *** before dismissing the case contingent upon payment of costs." *Joiner*, 2020 IL 124671, ¶ 56. In the interest of judicial economy and for a prompt resolution of this relatively straightforward dispute, we believe the proper remedy is to affirm the circuit court's judgment dismissing count I as moot but to remand for the limited purpose of allowing plaintiff to prove up its costs incurred prior to the tender.[2] See 735 ILCS 5/5-126 (West 2020) (allowing for "the costs of suit up to the time of making the tender.").

_____

[2]We encourage the parties to resolve this issue through an agreed order, as the costs incurred prior to defendant's tender should be easily ascertainable.

¶ 35     In sum, we find defendant's tender of $1700 mooted count I of plaintiff's complaint and we affirm the circuit court's dismissal of counts I and II. We remand for the limited purpose of resolving the amount of costs to which plaintiff is entitled.

¶ 36     Plaintiff next contends the circuit court erred by dismissing its amended complaint. Plaintiff's sole contention is that a bank owes a fiduciary duty to an account holder to protect the account holder's money. Plaintiff, however, fails to cite to any relevant authority or to the record on appeal to support any aspect of its argument, in violation of Rule 341(h)(6), (7) (eff. Oct. 1, 2020). Furthermore, defendant correctly argues that plaintiff does not identify in its brief whether it is arguing that its initial complaint or amended complaint sufficiently stated a cause of action for breach of fiduciary duty. We will not excuse plaintiff's forfeiture where it has made virtually no effort to present this court with a legal argument that might justify reversal of the circuit court's judgment. We again note that the circuit court's actual judgment regarding the amended complaint, reflected in the December 29 order, was that it was stricken—an order that was within the circuit court's discretion to enter where plaintiff filed an amended pleading without leave of court. We have no basis to conclude that the circuit court erred in any manner by striking the unauthorized amended complaint.

¶ 37                              III. CONCLUSION

¶ 38     For the foregoing reasons, the judgment of the circuit court is affirmed. We remand to the circuit court for the limited purpose of allowing plaintiff to recover court costs incurred prior to defendant's tender.

¶ 39     Affirmed and remanded.