# Illinois Official Reports

## Supreme Court

---

### *Joiner v. SVM Management, LLC*, 2020 IL 124671

---

| | |
|---|---|
| Caption in Supreme Court: | CHANDRA JOINER *et al.*, Appellants, v. SVM MANAGEMENT, LLC, Appellee. |
| Docket No. | 124671 |
| Filed<br>Rehearing denied | February 21, 2020<br>May 26, 2020 |
| Decision Under Review | Appeal from the Appellate Court for the First District; heard in that court on appeal from the Circuit Court of Cook County, the Hon. Pamela McLean Meyerson, Judge, presiding. |
| Judgment | Affirmed and remanded with directions. |
| Counsel on Appeal | Berton N. Ring, of Berton N. Ring, P.C., of Chicago, for appellants.<br><br>John P.M. Peskind and Michael Griffin, of Sanford Kahn, LLP, of Chicago, for appellee. |
| Justices | JUSTICE GARMAN delivered the judgment of the court, with opinion.<br>Chief Justice Burke and Justices Thomas, Kilbride, Karmeier, Theis, and Neville concurred in the judgment and opinion. |

**OPINION**

¶ 1        Plaintiffs Chandra Joiner and William Blackmond rented an apartment from defendant SVM Management, LLC. They paid a security deposit to defendant to secure against potential unpaid rent or other damages. After they moved out, defendant returned their security deposit but failed to pay interest on that deposit, as required by the Security Deposit Interest Act (Deposit Act) (765 ILCS 715/0.01 *et seq.* (West 2016)). Plaintiffs brought two class-action claims and an individual claim but did not file a class-certification motion with their complaint. Defendant responded by tendering plaintiffs' requested damages and attorney fees on one count and later moving to dismiss the other two. Plaintiffs refused that tender, and defendant later argued that its tender made that cause of action moot pursuant to our decisions in *Barber v. American Airlines, Inc.*, 241 Ill. 2d 450 (2011), and *Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644. Plaintiffs ask us to revisit those decisions in light of evolving federal precedent and the United States Supreme Court's decision in *Campbell-Ewald Co. v. Gomez*, 577 U.S. ___, 136 S. Ct. 663 (2016).

¶ 2                                    BACKGROUND

¶ 3        Plaintiffs rented an apartment in a large residential apartment complex from defendant with a lease term beginning on October 1, 2014. They entered into a one-year written lease and gave defendant a security deposit of $1290. The parties later extended that lease for a second year before plaintiffs moved out on September 30, 2016. On or about October 11, 2016, defendant returned plaintiffs' full security deposit. Defendant did not, however, pay security interest on that deposit at any time.

¶ 4        Soon after, plaintiffs brought a three-count complaint in the circuit court of Cook County. In count I, they alleged, on behalf of themselves and others similarly situated (Class A), that defendant violated the Deposit Act by failing to pay interest on its tenants' security deposits. In count II, they alleged, on behalf of themselves and others similarly situated (Class B), that defendant violated the Uniform Deceptive Trade Practices Act (815 ILCS 510/1 *et seq.* (West 2016)) by way of various allegedly unlawful lease and rider provisions.[1] Finally, in count III, they alleged, individually, that defendant violated the Rental Property Utility Service Act (765 ILCS 735/0.01 *et seq.* (West 2016)) by failing to provide the required notices or disclosures relating to plaintiffs' payment of a common-area utility, namely that one or more parking lot lights were connected to plaintiffs' electrical meter. Attached to the complaint were the lease and five riders.

¶ 5        Defendant moved for an extension of time to answer or otherwise plead, which the circuit court granted. Before that extension expired and before defendant answered or pled, plaintiffs propounded written discovery and noticed a deposition. Defendant moved to stay discovery and, at the same time but in a separate motion, to dismiss counts I and II of the complaint. Defendant moved to dismiss count I pursuant to this court's decision in *Barber*, 241 Ill. 2d

_____

        [1]Plaintiffs' count II in the first complaint was somewhat ambiguously labeled. It cited the Uniform Deceptive Trade Practices Act (815 ILCS 510/1 *et seq.* (West 2016)) and appeared under a heading referring to the "Uniform Trade Practices Act," but the text adjacent to the citation indicated the claim was brought under the "Illinois Consumer Fraud and Deceptive Practices Act." See also 815 ILCS 505/1 *et seq.* (West 2016) (Consumer Fraud and Deceptive Business Practices Act).

450, arguing that it "made a full and unconditional tender of all sums due to Plaintiffs under Count I." It moved to dismiss count II under section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2016)), arguing that plaintiffs failed to state a cause of action under the Uniform Deceptive Trade Practices Act. The motion to dismiss did not attack nor address count III. Plaintiffs responded, arguing, as they do here, that *Barber* and *Ballard* were no longer valid law and, even if they were valid, that defendant's tender was insufficient. They did not address the arguments regarding count II and instead noted that they would amend their complaint. Plaintiffs also opposed defendant's motion to stay discovery.

¶ 6        The court granted plaintiffs leave to amend count II of their complaint and stayed discovery pending the hearing on defendant's motion to dismiss count I. Plaintiffs amended count II of their complaint to allege violations of the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 2016)). They did not attach the lease, the riders, or any other exhibit to the amended complaint.

¶ 7        At the hearing on the motions to dismiss and to stay discovery, defense counsel argued for a stay on the counts that he alleged had not been adequately pled. He admitted that, "with respect to Count III, it states a cause of action, we can do discovery on Count III." The court quashed a subpoena to a third party as overbroad and stayed discovery "except for any discovery that may be related to class certification." It then took the motion to dismiss under advisement pending an oral ruling eight days later and stayed all discovery until that date. In its oral ruling, the court dismissed count I, finding that it was bound by this court's precedents in *Barber* and *Ballard* and that defendant made an adequate tender. Regarding the attorney fees and the stay order, the court stated that it would "keep everything in place until [it] rule[d] on the [plaintiffs' motion for Rule 308(a) certification (Ill. S. Ct. R. 308(a) (eff. Jan. 1, 2015))]."

¶ 8        The Rule 308 motion was continued to the next status hearing, as was the discovery stay, over plaintiffs' objection. The court's order also noted that it would address the discovery stay and the disposition of the tender monies and potential attorney fees related to count I at the status hearing. It further noted that nothing in that or any previous order was "intended by the court or Plaintiffs as a waiver of Plaintiffs' appeal rights or rights to the tender monies."

¶ 9        Defendant moved to dismiss the amended complaint generally and count II specifically. It alleged that, in that amended complaint, plaintiffs referred to three documents—a security deposit receipt, a lease, and a lease extension—but failed to attach those documents. It argued that the court should strike plaintiffs' amended complaint for failing to attach its exhibits. It also alleged that plaintiffs failed to plead a cause of action in count II. The court denied the motion for Rule 308 certification and, noting that plaintiffs elected to stand on their pleadings, set a hearing date for the second motion to dismiss.

¶ 10        The day before the hearing on the second motion to dismiss, plaintiffs filed a motion for presentment of supplemental authority or for reconsideration. They argued, as they do to this court, that the federal Court of Appeals for the Seventh Circuit and the United States Supreme Court had reversed the decision and rationale on which this court's decisions in *Barber* and *Ballard* were based. They argued that "nearly every state in the country" embraced this change in the law.

¶ 11        At the hearing, the court dismissed the first amended complaint as deficient for lacking the written instruments on which the claims were founded pursuant to section 2-606 of the Code.

735 ILCS 5/2-606 (West 2016). It also dismissed count II for failing to state a claim for violation of the Consumer Fraud and Deceptive Business Practices Act. The motion for reconsideration was set for hearing and later denied. Plaintiffs elected to stand on their pleadings, and the court dismissed the entire cause with prejudice, making it final and appealable.

¶ 12    Before the appellate court, plaintiffs argued, like they do here, that our decision in *Barber* was no longer good law in light of *Campbell-Ewald* and, if *Barber* was still good law, that the circuit court erred in holding that *Barber* permitted dismissal of all counts when defendant only tendered on one count. They also argued that the circuit court erred by preventing plaintiffs from conducting discovery on the basis of defendant's tender and that it erred in dismissing the remaining causes of action.

¶ 13    The appellate court found that defendant made a valid tender before noting that only we can overturn this court's precedent. 2019 IL App (1st) 172336-U, ¶ 28. Therefore, it held, *Barber* was still good law in Illinois, and "the circuit court properly dismissed Count I as moot." *Id.* ¶ 30. It next held that the circuit court did not abuse its discretion in staying discovery. *Id.* ¶ 35. It examined the sufficiency of the pleadings regarding count II, noted that plaintiffs did not argue for reversal of the circuit court's section 2-615 dismissal for failure to state a claim, and affirmed dismissal. Finally, it found that count III was not based on a written instrument, such that the claim was insufficient without the instrument attached, and reinstated count III. *Id.* ¶ 49. We granted plaintiffs leave to appeal. Ill. S. Ct. R. 315 (eff. July 1, 2018).

¶ 14                                ANALYSIS

¶ 15    Although plaintiffs use some of the verbatim arguments they used in support of the prevention of discovery issue below, before this court they frame their argument as two issues instead of four: that *Barber* is no longer good law and that the circuit court erred in dismissing all counts based on defendant's tender as to only the first count. We agree that, to decide this case, we must reexamine *Barber* and *Ballard* in light of the approach now used by the Seventh Circuit and the United States Supreme Court.

¶ 16    We disagree, however, that the circuit court dismissed all counts based on the tender. Rather, only count I was dismissed on the tender. In a separate order, count II was dismissed pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2016)) for failing to state a claim, and the entire first amended complaint was dismissed pursuant to section 2-606 of the Code (*id.* § 2-606) for failing to attach the written document on which the claims were based. Plaintiffs argued below that courts were to construe pleadings liberally, that the claims were statutory and thus not based on a written instrument, that the exhibits had been attached to the original complaint, and thus that the circuit court's application of section 2-606 was in error. Their only argument regarding the substance of count II was four words: "the pleadings were specific."

¶ 17    The appellate court, noting plaintiffs' failure to develop argument on the matter, nonetheless assessed the merits of the argument and affirmed the circuit court in dismissing count II. 2019 IL App (1st) 172336-U, ¶ 42. The appellate court found that count III was not based on a written instrument and, noting the defendant had so conceded in the circuit court, held that it adequately pled a cause of action. *Id.* ¶ 49.

¶ 18    To the extent plaintiffs, by way of an unsupported and undeveloped issue statement, argue that dismissal of counts II and III was premised on defendant's tender, the circuit court's orders belie that argument. Plaintiffs do not explicitly argue that the appellate court erred in affirming the circuit court's dismissal of count II. They do not argue that count II was meritorious or sufficiently pled. At no point do they argue that discovery would have allowed them to buttress the substance of count II. They do not address the circuit court's section 2-615 dismissal or the appellate court's finding that "plaintiffs failed to allege with the required particularity and specificity how a purported clause in a lease rider that both parties agreed to was illegal, offended public policy, was oppressive[,] or caused substantial injury to consumers." *Id.* ¶ 42.

¶ 19    Rather, they argue that the discovery stay prevented them from moving "for class certification in the first place, even if only on the non-tendered counts." They do not argue, however, that without discovery they were unable to "identif[y] defendant, the applicable date or dates, and the general outline of plaintiff's class action allegations." *Ballard*, 2015 IL 118644, ¶ 38. That information, which we held was sufficient to sustain a finding that a class-certification motion was not a " 'contentless "shell" motion' or otherwise frivolous pleading" (*id.*), is readily apparent from plaintiffs' complaint. Discovery was not necessary for plaintiffs to move for class certification.

¶ 20    Plaintiffs' request for relief asks us to "reverse the judgment of the Circuit Court of Cook County and this [*sic*] First Appellate District in its entirety." To the extent plaintiffs seek review of the dismissal of count II, which was dismissed as failing to state a cause of action, we find that they forfeited such an argument. To the extent they request that we reverse the appellate court's reinstatement of count III—which reinstatement was in their favor—they have not argued that issue either, and we decline to consider it.

¶ 21    Having addressed the issues that are not before us, we turn to those that were argued and that we consider. Count I was dismissed under section 2-615 of the Code. 735 ILCS 5/2-615 (West 2016). Our review, therefore, is *de novo*. *Kean v. Wal-Mart Stores, Inc.*, 235 Ill. 2d 351, 361 (2009).

¶ 22                                    *The* Barber *Rule*

¶ 23    This court has long held that, when a defendant tenders the full amount requested by a plaintiff purporting to represent a class before the named plaintiff files a class-certification motion, the plaintiff's claim becomes moot. *Barber*, 241 Ill. 2d at 456-57; *Wheatley v. Board of Education of Township High School District 205*, 99 Ill. 2d 481, 485-86 (1984). Plaintiffs ask us to revisit that rule.

¶ 24    In *Wheatley*, two plaintiffs brought a purported class-action complaint against a school board after it discharged them and 57 other teachers. *Wheatley*, 99 Ill. 2d at 483. The school board offered, and the named plaintiffs accepted, reemployment. *Id.* at 483-84. The board then argued that the action should have been "dismissed because the interests of the named representative plaintiffs are moot." *Id.* at 484. The court noted that "[a]n issue is moot if no actual controversy exists or where events occur which make it impossible for the court to grant effectual relief." *Id.* at 484-85. The court held that, by accepting reemployment, the named plaintiffs received the relief they demanded. *Id.* at 485. Under those circumstances, it held, it was "clear that the interests of the named representative plaintiffs are moot because there is no longer a controversy between them and the Board." *Id.* "Because the claims of the named

representatives here have been resolved, they are not proper parties who would fairly and adequately protect the interest of the class they purport to represent." *Id.* at 486. The court then reversed the appellate court and affirmed the circuit court's dismissal of the complaint. *Id.* at 487. That decision was based on the principle of mootness, not on the holdings of any other courts.

¶ 25    We considered a similar situation in *Barber*, 241 Ill. 2d 450. In that case, the plaintiff filed a purported class action against American Airlines for breach of contract. *Id.* at 452. She alleged that she purchased a plane ticket and was charged $40 to check two bags. *Id.* Her flight was cancelled, but the $40 baggage fee was not refunded. *Id.* The plaintiff filed her suit a few days later, and the defendant contacted the plaintiff's counsel and offered to refund the $40. *Id.* at 453. It also stated that it would consider paying the plaintiff's court costs. *Id.* When counsel declined, the defendant refunded the $40 to the plaintiff's credit card, which she had used to pay the fee. *Id.* The plaintiff had not filed a class-certification motion. *Id.* at 454. The defendant moved to dismiss on the grounds that the claim was meritless and that the complaint was moot. *Id.* The circuit court granted the motion, and the appellate court reversed. *Id.*

¶ 26    We reaffirmed *Wheatley* (*id.* at 459 n.1), noting that "*Wheatley* teaches that the important consideration in determining whether a named representative's claim is moot is whether that representative filed a motion for class certification prior to the time when the defendant made its tender" (*id.* at 456 (citing *Wheatley*, 99 Ill. 2d at 485-86)). "Where the named representative has done so, and the motion is thus pending at the time the tender is made, the case is not moot, and the circuit court should hear and decide the motion for class certification before deciding whether the case is mooted by the tender." *Id.* at 456-57. We reasoned that, when such a motion has been filed and is pending, the interests of the other class members are before the court. *Id.* at 457. We then noted that "[t]he situation is different where the tender is made *before* the filing of a motion for class certification" because "the interests of the other class members are not before the court." (Emphasis in original.) *Id.* Before rejecting the " 'pick off' exception" that had developed in the appellate court (*id.* at 459), we held that "[u]nder *Wheatley*, therefore, [plaintiff's] claim was moot, and the circuit court correctly dismissed it" (*id.* at 457). Although we cited some decisions of the Seventh Circuit, which at the time held consistently with this court's decision in *Wheatley*, our decision was based on the reasoning and holding of *Wheatley*.

¶ 27    In *Ballard*, the plaintiff filed a three-count complaint purporting to represent a class estimated at over 40 people. *Ballard*, 2015 IL 118644, ¶ 5. Concurrently with its complaint, the plaintiff filed a motion for class certification. *Id.* ¶ 8. The defendant in that case tendered a check to the plaintiff three different times representing an unconditional offer of payment exceeding the total recoverable under count I of the complaint, each of which the plaintiff rejected, returning the checks. *Id.* ¶ 11. The circuit court denied the defendant's motion for summary judgment on count I, reasoning that the defendant had not tendered the claim before the plaintiff filed its motion for class certification and that the claim was therefore not moot under *Barber*. *Id.* ¶ 17. The appellate court reversed, holding that a motion for class certification " 'must contain sufficient factual allegations so that it does, in fact, bring the interests of the other class members before the court.' " *Id.* ¶ 21 (quoting *Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare*, 2014 IL App (1st) 131543, ¶ 57).

¶ 28    After reciting the facts and the parties' arguments, we examined our decision in *Barber*. *Id.* ¶¶ 29-33. We held that, "[h]aving carefully reviewed *Barber*, it is clear that *Barber* contains

no explicit requirement for the class certification motion, other than the timing of its filing." *Id.* ¶ 36. We agreed with the appellate court that a " 'contentless "shell" motion,' or otherwise frivolous pleading, would be insufficient to preclude a mootness finding under *Barber*" but held that the motion filed by the plaintiff in that case was sufficient because it "identified defendant, the applicable date or dates, and the general outline of plaintiff's class action allegations." *Id.* ¶ 38. Only after we found that "the focus of *Barber* is on the timing of the plaintiff's filing [and not the merits of] a motion for class certification" (*id.* ¶ 39) did we note that such focus was "also consistent with the approach taken in the Seventh Circuit Court of Appeals" (*id.* ¶ 40).

¶ 29                        *Federal Precedent Regarding Moot Class Actions*

¶ 30        In examining the consistency between our decision in *Ballard* and those of the federal courts, we cited *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896-97 (7th Cir. 2011). *Ballard*, 2015 IL 118644, ¶ 42. That case, which was a purported class action removed to federal court from an Illinois state court, likewise cited *Barber*. *Damasco*, 662 F.3d at 896. The defendant in *Damasco*, before removal to federal court, offered to settle the case by paying the named plaintiff and up to 10 other people the maximum statutory damages for each text message received plus court costs. *Id.* at 893. That court held that, "[a]fter [the defendant] made its offer, [the plaintiff's] federal case was over." *Id.* at 896.

¶ 31        While we were considering *Ballard*, the Seventh Circuit overruled *Damasco*. *Chapman v. First Index, Inc.*, 796 F.3d 783, 787 (7th Cir. 2015). In *Chapman*, the plaintiff, purporting to represent a class, filed a complaint alleging violations of the Telephone Consumer Protection Act (TCPA) (47 U.S.C. § 227 (2012)). *Chapman*, 796 F.3d at 784. The defendant made an offer of judgment for the named plaintiff's maximum statutory damage award, an injunction, and costs under federal Rule 68 (Fed. R. Civ. P. 68), which offer was to expire 14 days after the district court ruled on the motion for class certification. *Chapman*, 796 F.3d at 786. The district court denied certification of two proposed classes, and the plaintiff sought to recover on his personal claim. *Id.* at 785. The offer lapsed, and the district court found the plaintiff's personal claim moot. *Id.* at 786.

¶ 32        On appeal, the *Chapman* court acknowledged that "many courts, [the Seventh Circuit] included, have applied the label 'moot' when a plaintiff declines an offer that would satisfy his entire demand." *Id.* It overruled that precedent, however, including *Damasco* (*id.* at 787), reasoning that, "[i]f an offer to satisfy all of the plaintiff's demands really moots a case, then [the case] self-destructs" (*id.* at 786). Further reasoning that "a district court cannot enter judgment in a moot case," the court held, although other consequences may exist for rejecting such an offer of judgment, it did not make the case moot. *Id.* at 786-87.

¶ 33        The *Chapman* court relied heavily on Justice Kagan's dissent in *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 79-87 (2013) (Kagan, J., dissenting, joined by Ginsburg, Breyer, and Sotomayor, JJ.), which the *Chapman* court held showed "that an expired (and unaccepted) offer of a judgment does not satisfy the Court's definition of mootness, because relief remains possible." *Chapman*, 796 F.3d at 786. In *Genesis Healthcare*, the plaintiff filed a collective action complaint alleging violations of the Fair Labor Standards Act of 1938 (29 U.S.C. § 210 *et seq.* (2012)). *Genesis Healthcare*, 569 U.S. at 69 (majority opinion). The defendant answered the complaint and simultaneously served an offer of judgment for "$7,500 for alleged

unpaid wages, in addition to 'such reasonable attorneys' fees, costs, and expenses … as the Court may determine.' " *Id.* The plaintiff failed to accept the offer before it expired, which would have fully satisfied her individual claim, and the district court granted the defendant's motion to dismiss for lack of subject-matter jurisdiction. *Id.* at 70. That Court assumed without deciding that the plaintiff's claims became moot upon the offer and held only that, because her claim was moot, she had "no personal interest in representing putative, unnamed claimants, nor any other continuing interest that would preserve her suit from mootness." *Id.* at 78.

¶ 34    Justice Kagan dissented. *Id.* at 79-87 (Kagan, J., dissenting, joined by Ginsburg, Breyer, and Sotomayor, JJ.). She compared a settlement offer with a contract offer and would have held that a rejected settlement offer, like a rejected contract offer, was "a legal nullity, with no operative effect." *Id.* at 81. She posited that, "[a]fter the offer lapsed, just as before, [the plaintiff] possessed an unsatisfied claim, which the court could redress by awarding her damages." *Id.* Justice Kagan stated that "[i]t is [the plaintiff's] choice, and not the defendant's or the court's, whether satisfaction of her individual claim, without redress of her viable classwide allegations, is sufficient to bring the lawsuit to an end." *Id.* at 86. Thus, she would have reached the mootness issue and "correct[ed] the Third Circuit's view that an unaccepted settlement offer mooted [the plaintiff's] individual claim." *Id.* at 87.

¶ 35    The Supreme Court later expressly adopted Justice Kagan's analysis in the majority opinion of *Campbell-Ewald*, 577 U.S. at ___, 136 S. Ct. at 670. In that case, the plaintiff brought a putative class action under the TCPA against the defendant for sending unsolicited text message advertisements to the plaintiff and others. *Id.* at ___, 136 S. Ct. at 667. The defendant, via Rule 68 (Fed. R. Civ. P. 68), offered to settle the claim for the maximum statutory penalty for each text message that the plaintiff could show that he received, plaintiffs' costs excluding attorney fees, and entry of an injunction prohibiting defendant from sending future messages. *Campbell-Ewald*, 577 U.S. at ___, 136 S. Ct. at 667-68. The injunction, however, denied liability, the allegations in the complaint, and the existence of grounds for the injunction. *Id.* at ___, 136 S. Ct. at 668. The plaintiff did not accept the offer and allowed it to lapse. *Id.* at ___, 136 S. Ct. at 668. The defendant moved to dismiss, arguing that the claim, including the class claim, for which the plaintiff had not yet filed a motion for certification, became moot upon the offer of complete relief. *Id.* at ___, 136 S. Ct. at 668. The district court denied the motion, finding that, because the plaintiff was not dilatory in filing the class-certification motion, it related back to the filing of the complaint. *Id.* at ___, 136 S. Ct. at 668. The district court granted summary judgment on other grounds. *Id.* The Court of Appeals for the Ninth Circuit reversed the grant of summary judgment but affirmed that a live controversy existed. *Id.* at ___, 136 S. Ct. at 668.

¶ 36    The Supreme Court, citing its own precedent, noted that "[a] case becomes moot *** 'only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.' " *Id.* at ___, 136 S. Ct. at 669 (quoting *Knox v. Service Employees International Union, Local 1000*, 567 U.S. 298, 307 (2012)). " 'As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot.' " *Id.* at ___, 136 S. Ct. at 669 (quoting *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)). The *Campbell-Ewald* Court held that, "[u]nder basic principles of contract law, [the defendant's] settlement bid and Rule 68 offer of judgment, once rejected, had no continuing efficacy." *Id.* at ___, 136 S. Ct. at 670. The Court noted that the defendant continued to deny liability. *Id.* at ___, 136 S. Ct. at 669. It also noted Rule 68's "built-in sanction: 'If the [ultimate] judgment . . . is not more favorable than the

unaccepted offer, the offeree must pay the costs incurred after the offer was made' " *Id.* at ___, 136 S. Ct. at 671 (quoting Fed. R. Civ. P. 68(d)). The Court distinguished cases cited by the defendant in that the plaintiff in those cases received the funds, while "the settlement offer Campbell extended to Gomez expired, Gomez remained emptyhanded; his TCPA complaint, which Campbell opposed on the merits, stood wholly unsatisfied." *Id.* at ___, 136 S. Ct. at 672. Thus, that Court concluded, the plaintiff's "individual claim was not made moot by the expired settlement offer," and "a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted." *Id.* at ___, 136 S. Ct. at 672. The Court expressly declined to decide whether the result "would be different if a defendant deposits the full amount of plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount." *Id.* at ___, 136 S. Ct. at 672.

¶ 37                                *The Difference Between an Offer and a Tender*

¶ 38         Justice Thomas concurred with the result in *Campbell-Ewald* but disagreed with the reasoning. *Id.* at ___, 136 S. Ct. at 674 (Thomas, J., concurring). He reviewed the history of Rule 68 and the common law of tenders. *Id.* at ___, 136 S. Ct. at 674-76. He pointed out that Rule 68 authorizes a defendant to " 'serve on an opposing party an offer to allow judgment on specified terms' " and allows the plaintiff to accept or reject that offer. *Id.* at ___, 136 S. Ct. at 676 (quoting Fed. R. Civ. P. 68(a)). " '[A]n unaccepted offer is considered withdrawn,' " he continued, and "[w]ithdrawn offers (unlike common-law tenders) cannot be used in court as an admission against defendants." *Id.* at ___, 136 S. Ct. at 676 (quoting Fed. R. Civ. P. 68(b)). A tender, at common law, required that the defendant actually and unconditionally produce the claimed damages at the time of tender. *Id.* at ___, 136 S. Ct. at 675 (citing Matthew Bacon, *A New Abridgment of the Law* 314-15, 321 (1856)). "[A] tender of the amount due was deemed 'an admission of liability' on the cause of action to which the tender related ***." *Id.* at ___, 136 S. Ct. at 675 (quoting Alva R. Hunt, *A Treatise on the Law of Tender, and Bringing Money Into Court* § 400, at 448 (1903)). Although the common law required that, to be effective, a tender needed to be made before a suit was filed, "19th-century state statutes expanded the common-law-tender regime" to allow, *inter alia*, "defendants to offer a tender 'during the pendency of an action,' as well as before it commenced." *Id.* at ___, 136 S. Ct. at 675 (quoting *Taylor v. Brooklyn Elevated R. Co.*, 23 N.E. 1106, 1107 (N.Y. Sup. Ct. 1890)). A mere offer, however, "remained insufficient to end a lawsuit." *Id.* at ___, 136 S. Ct. at 676. Justice Thomas therefore would have held that, "[b]ecause Campbell-Ewald only offered to pay Gomez's claim but took no further steps [such as making payment], the court was not deprived of jurisdiction." *Id.* at ___, 136 S. Ct. at 676.

¶ 39         We, too, note the difference between an offer and a tender. An offer is "a statement that one is willing to do something for another person or to give that person something." Black's Law Dictionary (11th ed. 2019). A tender, however, "is defined as '[t]he actual proffer of money, as distinguished from the mere proposal or proposition to proffer it.' " *McLean v. Yost*, 273 Ill. App. 3d 178, 180 (1995) (quoting Black's Law Dictionary 1315 (5th ed. 1979)). This definition comports with case law in this state and common understanding of the term. See, *e.g.*, *Gatreaux v. DKW Enterprises, LLC*, 2011 IL App (1st) 103482, ¶ 27 (" 'Tender' is an unconditional offer of payment consisting of the actual production of a sum not less than the

amount due on a particular obligation ***." (Internal quotation marks omitted.) (quoting *Arriola v. Time Insurance Co.*, 323 Ill. App. 3d 138, 146 (2001))).

¶ 40 Our Code of Civil Procedure contains no offer of judgment rule. Rather, our legislature enacted section 5-126 of the Code, which provides that a defendant must "*tender* what he or she shall conceive sufficient amends for the injury done or to pay the unliquidated damages or demands" to shift costs to the plaintiff. (Emphasis added.) 735 ILCS 5/5-126 (West 2016). Under the federal rule, conversely, a defendant need only "offer to allow judgment" and can do so "on specified terms." Fed. R. Civ. P. 68(a). The federal rule expressly contemplates a plaintiff's choice to accept or decline such an offer. *Id.* Our rule does not. Because our rule contemplates a tender rather than an offer, it does not consider the effect of a failure to accept but only the effect of a plaintiff achieving or failing to achieve a greater award at trial. At least one panel of our appellate court has even held that, "[t]o perfect a tender under section 5-126 of the Code, the amount must be deposited with the clerk of the court." *McLean*, 273 Ill. App. 3d at 180.

¶ 41 In *Ballard*, we noted that, although the Seventh Circuit had overruled *Damasco* while our decision was pending, it did so " 'to the extent [*Damasco* and other cases] hold that a defendant's *offer* of full compensation moots the litigation.' " (Emphasis in original.) *Ballard*, 2015 IL 118644, ¶ 40 n.1 (quoting *Chapman*, 796 F.3d at 787). The plaintiff in *Ballard* filed its class-certification motion contemporaneously with its complaint; no opportunity arose for the defendant to offer, tender, or otherwise moot the action before the class members' interests were before the court. *Id.* ¶ 8. We emphasized the word offer, however, because the *Chapman* court contemplated an offer, as distinguished from a tender.

¶ 42 This court's decisions regarding mooting class actions before filing of the class-certification motion have only dealt with tenders. In *Wheatley*, the named plaintiffs were reemployed, which was the remedy they sought. *Wheatley*, 99 Ill. 2d at 483-84. In *Barber*, the airline irrevocably refunded the named plaintiff's fees to the credit card she used to pay them. *Barber*, 241 Ill. 2d at 453. Although inconsequential to our decision, the defendant in *Ballard* included a check for the amount offered as tender. *Ballard*, 2015 IL 118644, ¶ 11.

¶ 43 As described above, an offer is different than a tender. As described in Rule 68, an offer of judgment can be on any terms so long as those terms include the costs accrued. Fed. R. Civ. P. 68(a). Such an offer can deny liability. See Fed. R. Civ. P. 68(c) (contemplating an offer after liability has been determined); *Campbell-Ewald*, 577 U.S. at ___, 136 S. Ct. at 668. Because an offer of judgment can be on any terms—including, for example, an amount equal to or an amount less than that claimed due, with or without an admission of liability—the plaintiff is free to accept or reject the offer (Fed. R. Civ. P. 68(a)) but will incur a penalty if she does not obtain a more favorable judgment (Fed. R. Civ. P. 68(d)). In this way, an offer of judgment is really an offer to settle. See *Campbell-Ewald*, 577 U.S. at ___, 136 S. Ct. at 668 (describing the defendant's Rule 68 offer of judgment as a "settlement offer"). Settlements are construed by courts as contracts, hence the decisions in *Campbell-Ewald* and *Chapman*.

¶ 44 A tender, conversely, is only effective if it is for the entire amount owed. *Lake County Forest Preserve District v. Vernon Hills Development Corp.*, 92 Ill. 2d 72, 79 (1982) (citing *Sweetland v. Tuthill*, 54 Ill. 215, 216 (1870)); *Gatreaux*, 2011 IL App (1st) 103482, ¶ 27; *Campbell-Ewald*, 577 U.S. at ___, 136 S. Ct. at 675 (Thomas, J., concurring). The defendant must actually produce the tender; a mere offer or promise is insufficient. *McLean*, 273 Ill. App.

3d at 180; *Campbell-Ewald*, 577 U.S. at \_\_\_, 136 S. Ct. at 676 (Thomas, J., concurring). In making an effective tender, the defendant admits liability. *Sweetland*, 54 Ill. at 217; *McLean*, 273 Ill. App. 3d at 180; *Campbell-Ewald*, 577 U.S. at \_\_\_, 136 S. Ct. at 675 (Thomas, J., concurring). The *Campbell-Ewald* majority noted that the situation might be different if the defendant had tendered the damages instead of merely offering them. *Campbell-Ewald*, 577 U.S. at \_\_\_, 136 S. Ct. at 672 (majority opinion).

¶ 45     A sufficient tender therefore provides the plaintiff with the relief she seeks, not just a promise to provide that relief, as well as an admission of liability. Because an effective tender is unconditional, no return consideration is given. A lack of consideration means that the tender does not form a contract, and a tender should not be construed as a contract. Plaintiffs' argument that *Campbell-Ewald*'s holding is not limited to Rule 68 but is based on contract law is therefore unavailing.

¶ 46     "An issue is moot if no actual controversy exists ***." *Wheatley*, 99 Ill. 2d at 484. When a defendant admits liability and provides the plaintiff with all relief requested—as she does with a tender—no controversy exists. Before a named plaintiff files her motion for class certification, only her claims are before the court. *Ballard*, 2015 IL 118644, ¶ 34; *Barber*, 241 Ill. 2d at 457. "Once a representative plaintiff is granted the desired relief, he is no longer a member of the class because his interests are not consistent with the interests of the other class members." *Wheatley*, 99 Ill. 2d at 486-87. We reaffirm *Ballard*, *Barber*, and *Wheatley* and distinguish *Campbell-Ewald* and *Chapman*. When a defendant tenders the relief sought by a named plaintiff prior to a motion for class certification, it does not force the plaintiff to accept a settlement against her will, as plaintiffs argue, but admits liability and satisfies plaintiff's demand. A live controversy therefore no longer exists, and the court must dismiss the case if no other plaintiff steps into the named plaintiff's shoes to represent the class.

¶ 47                              *SVM's Purported Tender*

¶ 48     Plaintiffs' request for relief in count I asked the court to "certify this cause as a class action and enter judgment in their favor and against Defendant SVM, in an amount to be proven at trial but not less than an amount equal to such class member's security deposit, plus costs, attorney fees, and whatever other relief this Court deems valid and just under the circumstances." The statute under which they sued provides that a landlord who willfully fails or refuses to pay interest on a security deposit shall "be liable for an amount equal to the amount of the security deposit, together with court costs and reasonable attorney's fees." 735 ILCS 715/2 (West 2014). The day after defendant was served with the complaint, its attorney sent plaintiffs' counsel a letter indicating that he had been retained by defendant "to tender a full, unconditional, and complete settlement of [plaintiffs'] individual claim set forth in Count I of the proposed class action complaint." With that letter, defendant "unconditionally tender[ed]" a "[c]ashier's check in the amount of $1,290.00 representing [plaintiffs'] maximum individual recovery under 765 ILCS 715/2 as prayed for in Count I of the complaint" and "[a]ll court costs and reasonable attorney's fees as allowed by the court that Plaintiffs incurred in pursuing Count I of the complaint." The letter did not ask whether plaintiffs accepted the tender but instead advised counsel to "[p]lease let me know if you have any questions or if you can provide me information related to your court costs and attorney's fees incurred thus far in pursuing Count I of the complaint." " ' " 'Tender' is an unconditional offer of payment

consisting of the actual production of a sum not less than the amount due on a particular obligation." ' " *Gatreaux*, 2011 IL App (1st) 103482, ¶ 27 (quoting *Arriola*, 323 Ill. App. 3d at 146, quoting *Brown & Kerr, Inc. v. American Stores Properties, Inc.*, 306 Ill. App. 3d 1023, 1032 (1999)). The tender was unquestionably an offer of payment. Plaintiffs' argument that the tender failed because the check was made out to plaintiffs' counsel is unconvincing. Certainly it was reasonable for defendant's attorney to trust plaintiffs' counsel to forward the funds to plaintiffs, his clients.

¶ 49 Plaintiffs argue that the tender was insufficient because it did not dispose of the entire case. They argue that defendant's tender as to count I and the discovery stay effectively mooted count II (on behalf of Class B) and count III. We first note that count III, the individual count, was reinstated by the appellate court below and can proceed on remand. Regarding count II, plaintiffs cite, *inter alia*, *P.J.'s Concrete Pumping Service v. Nextel West Corp.*, 345 Ill. App. 3d 992, 1001 (2004) ("[A] plaintiff bringing a class action suit need only allege a viable individual cause of action, indicate that the claim is being brought as a class action, and include factual allegations broad enough to establish the possible existence of a class action. *** Class certification issues are typically factual and should be decided with the benefit of discovery."). Before getting to discovery regarding the class, a named plaintiff must allege an individual cause of action. As we discussed above, count II was dismissed for failing to state a cause of action. Plaintiffs forfeited argument that the dismissal was in error. No need exists to engage in discovery regarding a potential class when the plaintiff has failed to allege a cause of action.

¶ 50 The Code specifically permits a party to attack the entirety of a complaint or a "portion thereof" and allows the court "to terminate the litigation in whole or in part." 735 ILCS 5/2-615(a), (d) (West 2016). A litigant is not required to admit or deny all counts of a complaint in other circumstances, and we do not require it when a defendant tenders a named plaintiff's claim when the plaintiff alleges a class action. Such a defendant does so at her own risk; if the claim is meritorious and the class certified, she has missed his opportunity to tender the named plaintiff's individual demand.

¶ 51 Plaintiffs do not appear to argue that the $1290 did not satisfy the maximum allowable statutory award. Instead, they argue that the tender was conditional because it limited recovery on costs and attorney fees to what would be "allowed by the court" and did not include payment for the costs and attorney fees. Relatedly, they argue that the tender was less than the amount due because it did not include an amount for costs and attorney fees or even a request for the amount of fees so that defendant could pay them.

¶ 52 "[I]f suit has been commenced," a tender must include "the costs of suit up to the time of making tender." 735 ILCS 5/5-126 (West 2016). The statute giving rise to plaintiffs' cause of action provides that a liable landlord shall be liable for the tenant's "court costs and *reasonable* attorney's fees." (Emphasis added.) 765 ILCS 715/2 (West 2014). "It has been the rule in this state for many years that courts will not be bound by the opinion of attorneys as to what constitutes reasonable attorneys' fees." *Richheimer v. Richheimer*, 59 Ill. App. 2d 354, 365 (1965). " 'In all cases where an award of attorney fees is appropriate, only those fees which are reasonable will be allowed, the determination of which is left to the *sound discretion* of the trial court.' " (Emphasis in original.) *Wildman, Harrold, Allen & Dixon v. Gaylord*, 317 Ill. App. 3d 590, 595 (2000) (quoting *Mars v. Priester*, 205 Ill. App. 3d 1060, 1064 (1990)). "It is well established that a party seeking to recover attorney fees from another party bears the

- 12 -

burden of presenting sufficient evidence from which the trial court can render a decision as to their reasonableness." *Prior Plumbing & Heating Co. v. Hagins*, 258 Ill. App. 3d 683, 688 (1994).

¶ 53 We first note that plaintiffs' argument that defendant "could have stated 'please forward your current bill to our office for payment in full' " is disingenuous. Defendant's attorney's letter clearly asks counsel to "[p]lease let me know *** if you can provide me information related to your court costs and attorney's fees." Counsel, in his rejection letter, expressly "reject[ed] [defendant's] request for our billing records for purposes of your co-called [*sic*] tender." Plaintiffs cite no authority for the proposition that a defendant who makes a tender prior to adjudication must somehow know and include costs and attorney fees in the tender, nor can we find any such authority. Rather, we find it sufficient and appropriate for a defendant to tender the amount claimed in the demand along with a request for the demanding party's costs and fees. Because the statute provides for shifting of "*reasonable* attorney's fees" (emphasis added) (765 ILCS 715/2 (West 2014)) and reasonableness of attorney fees is an issue decided by the court and not counsel (*Richheimer*, 59 Ill. App. 2d at 365), a court may find that the plaintiff's fee request is unreasonable and that the defendant need not pay the entirety of it. In requesting that the plaintiff notify the tendering party of its costs and fees along with actual payment of the maximum statutory damages, a tendering party effectively tenders complete relief, assuming that the defendant promptly pays the costs and fees upon stipulation or court order as to reasonableness.

¶ 54 In their reply brief, plaintiffs argue that the cashier's check was not a sufficient means of tender. They argue that defendant should have either created a bank account in plaintiffs' names or deposited the funds with the court pending a hearing on attorney fees and entry of judgment. Although plaintiffs do not cite the case, this would comport with the appellate court's decision in *McLean*, 273 Ill. App. 3d at 180. Depositing the tender with the court is the better practice, especially inasmuch as it avoids plaintiffs' argument that defendant has successfully kept its tender after plaintiffs' rejection.

¶ 55 Defendant's attorney had the check with him at oral argument before this court and has in no way intimated that defendant intends to keep the check or not pay plaintiffs' reasonable attorney fees. Such an argument would have had at least a colorable basis in our law. See *Gorham v. Farson*, 119 Ill. 425, 443 (1887) ("Where a creditor, in advance of an offer to pay, or in response to such an offer, informs the party under obligation to pay, that he will not accept the amount actually due, in discharge of the indebtedness, the party under obligation is relieved of the duty of tendering the amount actually due.").

¶ 56 We hold that future tenders made to satisfy a demand, if made after filing of suit, should be made to the court. If the tender fully satisfies the plaintiff's demand absent costs and attorney fees, the court could then hold a hearing on costs and, if applicable, attorney fees before dismissing the case contingent upon payment of costs and fees. Particular to this case, we hold that defendant must pay the tendered funds to the circuit court pending a hearing on costs and attorney fees and dismissal.

¶ 57                                                 CONCLUSION

¶ 58 We reaffirm *Wheatley*, *Barber*, and *Ballard* and hold that an effective tender made before a named plaintiff purporting to represent a class files a class-certification motion satisfies the

named plaintiff's individual claim and moots her interest in the litigation. We distinguish the United States Supreme Court's decision in *Campbell-Ewald* and the Seventh Circuit's decision in *Chapman* in that those cases deal with an offer of judgment under the Federal Rules of Civil Procedure, which we find to be an offer of settlement, as opposed to a tender that completely satisfies a plaintiff's demand.

¶ 59 On remand, defendant is to deposit the tender with the circuit court. The court is to determine plaintiffs' costs and reasonable attorney fees before dismissing count I contingent upon payment of those costs and fees. Count II remains dismissed with prejudice, and count III is reinstated.

¶ 60 Affirmed and remanded with directions.